Gaskell v. Viquesney *et al.*

No. 13,661.

## GASKELL v. VIQUESNEY ET AL.

MORTGAGE.—*Mortgagee.—When Chargeable with Rents and Profits.*—In order to charge a mortgagee with rents and profits, it must be shown that he has occupied the mortgaged premises under his mortgage. If the title of the mortgagor has been divested, and the mortgagee has been in possession under a title derived from the mortgagor he is not chargeable with the rents and profits of the mortgaged premises.

SAME.—*Redemption by Junior Mortgagee.—Rents and Profits.*—The purchaser at a foreclosure sale, and afterwards the owner of the mortgaged premises by deed from the assignee in bankruptcy of the mortgagor, is not chargeable with the rents and profits of the mortgaged premises at the suit of a junior mortgagee to redeem not made a party to the foreclosure proceedings. *Murdock* v. *Ford*, 17 Ind. 52, overruled in part.

SAME.—*Deed.—Admissibility.*—The deed executed by the assignee in bankruptcy to the purchaser was admissible in evidence, tending to prove that the defendant was in possession as owner and not as mortgagee.

SAME.—*Value of Rents and Profits.—Evidence.*—In such action it was not error to refuse to admit proof of the value of the rents and profits of the mortgaged premises.

SAME.—*Junior Mortgagee not Made Party.—Redemption.—Costs.*—Where a junior mortgagee desires to redeem from a sale on a senior mortgage he may do so, where he was not made a party to the foreclosure suit, without paying the costs of such suit.

SAME.—*Senior Liens.—Interest.*—Where senior liens draw interest at the rate of ten per cent. per annum, it is proper to count interest at that rate to the date of redemption by the junior mortgagee.

From the Hendricks Circuit Court.

*L. A. Barnett*, for appellant.

*G. C. Harvey* and *L. M. Campbell*, for appellees.

COFFEY, J.—On the 30th day of August, 1876, Jules A. Viquesney and wife executed to George W. Robinson a mortgage on real estate in Danville, Hendricks county, Indiana, to secure the payment of a promissory note for the sum of $1,446.76, which mortgage was duly recorded. Prior

to said date the said Jules A. Viquesney had executed two other mortgages upon the same real estate, one to Enion Singer and another to Tracy and Bingham, the last named being the senior mortgage on said real estate.

The mortgage executed to Singer was foreclosed in the Hendricks Circuit Court, and the property therein described bid in by John N. Shirley and William N. Crabb for the sum of $973.93, and on the 28th day of May, 1878, they received a sheriff's deed therefor. George W. Robinson was not made a party to the suit to foreclose this mortgage.

The appellant subsequently became, and now is, the owner of the note and mortgage executed to the said Robinson, and now prosecutes this suit for the purpose of being allowed to redeem from the sale on the Singer mortgage, and to charge the said Shirley and Crabb with the rents and profits of said real estate during the time they have held and been in possession of the same. Crabb has conveyed his interest in the property to Shirley. The appellee Shirley answered:

*First.* That he was the owner in fee of the land described in the complaint, having purchased the same of Thomas J. Cofer, assignee in bankruptcy of the said Jules A. Viquesney, on the 20th day of June, 1877, and having received a deed therefor from said Cofer as such assignee; the said Viquesney having previously been adjudged a bankrupt by the United States District Court for the State of Indiana; that he also held title to said real estate under a sheriff's deed therefor, executed by the sheriff of Hendricks county on the 28th day of May, 1878, which deed was executed to him on a sale of said premises by the sheriff of said county in the foreclosure proceeding, set out in the complaint, on the Singer mortgage; and that the mortgage executed to the said George W. Robinson, which the appellant is now seeking to foreclose, was executed without any consideration, and for the purpose of cheating, hindering, and delaying the creditors of the said Viquesney.

The second paragraph avers that the mortgage in suit was

given as an indemnity, and that said Robinson had never been damaged, or compelled to pay the debt against which the mortgage was given to secure him.

*Third.* In the third answer to so much of the complaint as demands and requires him to account for the rents and profits of the real estate described in the complaint, he averred that he was the owner in fee of the real estate described in the complaint by virtue of a judicial sale made of the same by order of the District Court of the United States for the district of the State of Indiana, on the 20th day of June, 1877, by one Thomas J. Cofer, who was the assignee in bankruptcy of the said Jules A. Viquesney, the said Viquesney having, prior thereto, been duly adjudged a bankrupt by said court upon proper petition; that the said Cofer executed to him a deed for said real estate, which was duly confirmed by said district court; that he is also the owner of said real estate, and holds title thereto by virtue of a sheriff's deed executed to him by the sheriff of Hendricks county, Indiana, on the 28th day of May, 1878, pursuant to a sale of said real estate in the foreclosure proceedings on the Singer mortgage set up in the complaint.

This answer also sets up the mortgage executed by Viquesney to Tracy and Bingham; alleges the foreclosure of the same in the district court of the United States for the district of Indiana; and the payment of the sum of $1,265.74 by the appellee in satisfaction thereof to protect his title.

The appellee Shirley also filed a cross-complaint, in which he set up the amount paid at the sheriff's sale on the Singer mortgage, and the amount paid to discharge the Tracy and Bingham mortgage and decree, and asked to be allowed therefor in the event a decree was entered permitting the appellant to redeem.

The court overruled a demurrer to this answer, and the appellant excepted.

Upon issues formed the cause was tried by the court, who entered a finding and decree that the appellant was entitled

to redeem the property covered by the Robinson mortgage upon payment to the appellee Shirley of the sum of $3,992.

The appellant filed a motion for a new trial, which was overruled, and she excepted.

The errors assigned are :

*First.* That the court erred in overruling the appellant's demurrer to the first and second paragraphs of the answer of the appellee Shirley.

*Second.* That the court erred in overruling the appellant's demurrer to the third paragraph of the answer of Shirley.

*Third.* That the court erred in overruling the appellant's motion for a new trial.

As the appellant does not discuss the first assignment of error, the same may be regarded as waived.

The first objection urged against the third paragraph of the answer is that it attempts to answer the whole complaint, and that it can, at most, amount to an answer to so much of the complaint as seeks to require the appellee Shirley to account for rents and profits. Counsel is in error in assuming that the answer attempts to answer the whole complaint. It is addressed to so much of the complaint only, as we understand the plea, as seeks to charge the appellee with the rents and profits of the mortgaged premises during the time he occupied them. The question is, therefore, presented as to whether the answer contains facts sufficient to bar the appellant's claim for rents and profits of the mortgaged premises.

It is believed to be the universal rule, in all cases where the mortgagee takes and retains possession of the mortgaged premises under his mortgage, that he must account for the rents and profits received by him from the premises while he holds the same under his mortgage. 2 Jones Mortgages, (4th ed.), section 1114; *Troost* v. *Davis,* 31 Ind. 34; *Hannon* v. *Hilliard,* 83 Ind. 362; *Arnold* v. *Cord,* 16 Ind. 177; *Taylor* v. *Conner,* 7 Ind. 115.

Such rule, in the absence of some statute upon the subject, rests upon the reasonable doctrine that while the mortgagee is the holder of the legal title to the mortgaged premises, he holds such title, nevertheless, subject to the equitable right of the mortgagor to pay the debt and thus destroy or put an end to his legal title; and that the mortgagee is entitled to no more than his debt which the mortgage was intended to secure. Hence it is that when the mortgagor desires to redeem from a mortgagee who has been in the possession of the mortgaged premises under his mortgage he has the right, in a court of equity, to call upon the mortgagee to account for the amount received by way of rents and profits, for the purpose of determining how much, if anything, is required in order to discharge the mortgage debt.

This doctrine extends to cases where there has been an attempt to sell the premises under the mortgage, where such sale is defective and does not divest the title of the mortgagor. *Hannon* v. *Hilliard, supra.*

This right to compel an accounting for rents and profits extends, also, to a junior incumbrancer. He may compel a senior mortgagee, who has been in possession under his mortgage, to account to the same extent and in the same manner as the mortgagor might compel an accounting. His right to compel such an accounting does not rest upon any obligation of the senior mortgagee to him, for there is no contract between them, but it rests upon the fact that the senior mortgagee is under obligation to the mortgagor to account, and that by reason of his junior lien he has the right, in equity, to stand in the place of the mortgagor and compel the application of the rents and profits to the satisfaction of the senior mortgage.

The junior mortgagee has no right, therefore, to compel an accounting where the mortgagor has no such right, for it is through the mortgagor, and the equity existing between him and the senior mortgagee, that he is enabled to compel an ap-

plication of the rents and profits to the satisfaction of the senior mortgage.

For these reasons it is well settled that in order to charge a mortgagee with rents and profits it must be shown that he has occupied the mortgaged premises under his mortgage. If the title of the mortgagor has been divested, and the mortgagee has been in possession under a title derived from the mortgagor, he is not chargeable with the rents and profits of the mortgaged premises.   2 Jones Mortg. (4th ed.), sections 1114 to 1120; *Daniel* v. *Coker*, 70 Ala. 260; *Hart* v. *Chase*, 46 Conn. 207; *Van Duyne* v. *Shann*, 41 N. J. Eq. 312; *Catterlin* v. *Armstrong*, 79 Ind. 514; *Catterlin* v. *Armstrong*, 101 Ind. 258; *Johnson* v. *Hosford*, 110 Ind. 572; *Renard* v. *Brown*, 7 Neb. 449.

In the case of *Catterlin* v. *Armstrong;* 79 Ind. *supra*, it was said by this court that "A purchaser at a foreclosure sale, defective because a junior mortgagee was not made a party, upon a subsequent redemption by the latter, must account for the rents and profits, if such sale operates merely as an assignment of the first mortgage.   But if the sale operates not only as an assignment of a prior mortgage, but as a foreclosure of the equity of redemption, subject to the junior mortgage, the purchaser standing in the place of the mortgagor or owner of the premises is not liable to account for rents or profits."

It follows from what we have said, and from the authorities above cited, that the third paragraph of the answer of the appellee Shirley was sufficient to bar the appellant's complaint in so far as it sought to compel the former to account for the rents and profits of the mortgaged premises.   It discloses the fact that the title of the mortgagor, Viquesney, had been divested and vested in the appellee Shirley. As Shirley held in the capacity of owner of the premises, and not as mortgagee, he was not liable to account for rents and profits.

The case of *Murdock* v. *Ford*, 17 Ind. 52, is in seeming conflict with the later case of *Catterlin* v. *Armstrong, supra.*

In so far as it seems to hold that a purchaser at a foreclosure sale, which divests the title of the mortgagor, is liable for rents and profits to a junior mortgagee, the same is disapproved.

The court did not err in refusing to permit the appellant to prove the value of the rents and profits of the mortgaged premises, as it was admitted on the trial that the title of the mortgagor had been extinguished before the appellee Shirley took possession. The assignment in bankruptcy divested his title and vested it in the assignee, who by his deed vested it in Shirley. Nor do we think the court erred in admitting in evidence the deed executed by the assignee in bankruptcy to Shirley. It tended to support the allegations in the appellee's answer, and to prove that Shirley was in possession as owner, and not as mortgagee.

It is earnestly insisted, however, that the circuit court erred in fixing the amount to be paid by the appellant in order to redeem. It is insisted that in ascertaining the amount to be paid the court not only allowed the amount due on the Singer mortgage and the Tracy and Bingham mortgage, but that it allowed, also, the costs made in the foreclosure of both of said mortgages.

It seems to be too well settled to admit of controversy that where a junior mortgagee desires to redeem from a sale on a senior mortgage, he may do so, where he was not made a party to the foreclosure suit, without paying the costs of such suit.

Where he is not made a party the foreclosure is, as to him, a mere nullity. He is only required to pay the mortgage debt with interest. *McKernan* v. *Neff*, 43 Ind. 503 ; *Hasselman* v. *McKernan,* 50 Ind. 441 ; *Hosford* v. *Johnson,* 74 Ind. 479 ; *Shirk* v. *Andrews,* 92 Ind. 509 ; *Curtis* v. *Gooding*, 99 Ind. 45 ; *Daugherty* v. *Deardorf,* 107 Ind. 527 ; *Nesbit* v. *Hanway,* 87 Ind. 400.

There is no allegation in the complaint in this case as to the amount due on the Singer mortgage, nor is there any allegation as to the amount due on the mortgage executed to Tracy and Bingham.

It is somewhat difficult to ascertain from the evidence in the record the exact amount due on these senior liens. As the appellant desired to redeem by the payment of a sum less than the face of these claims, it was her duty to exhibit to the court trying the cause the exact state of the accounts. However, it is sufficient to say in this case that it does not appear on the face of the record before us that the costs of foreclosing these senior liens are included in the amount which the court adjudged against the appellant as the amount necessary to be paid for the redemption of the mortgaged premises. As these senior liens drew interest at the rate of ten per cent. per annum, it was proper to count interest at that rate to the date of the trial.

We find no error in the record.

Judgment affirmed.

