CASE 82—PETITION EQUITY—FEB. 3.

# Gault. &c. v. Equitable Trust Co. of New London, Conn.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. LIMITATION—JUDGMENT—JUNIOR MORTGAGE.—In a suit by a junior mortgagee to foreclose his mortgage, the statute of limitations is not available to defeat the senior mortgage which had already previously been foreclosed in a suit to which the junior mortgagee was not a party, upon the ground that the senior mortgage was merged in the judgment, it appearing that the senior mortgage was not barred by the statute at the time the suit to foreclose it was filed.

2. INTEREST—PLACE OF CONTRACT.—Where a loan is secured by a mortgage on real estate in Kentucky, the bonds given to secure the mortgage dated in Kentucky, and the mortgagor received the money in Kentucky, the parties were contracting with reference to the interest laws of Kentucky, and they will be governed by them, although the bonds were made payable in another State.

3. SAME.—When the rate of interest at the place of contract differs from the rate at the place of payment, the parties may contract for either rate, and will be governed by it.

4. PURCHASER AT DECRETAL SALE—RENTS AND PROFITS.—A senior mortgagee who sues to foreclose without making the junior mortgagee a party, and at the sale buys the mortgagor's interest, becomes the owner of the property, and not merely a mortgagee in possession, and consequently not chargeable with rents and profits.

LANE & BURNETT FOR APPELLANTS.

1. No person not a party or privy to an action is affected in his rights by the judgment therein. (Cates v. Woodson, 2d Dana, 455; Lewis v. Stafford, 4th Bibb, 320; Feltman v. Butts, 8th Bush, 120; Alexander v. Slavens, 7th B. M., 356; Portwood v. Oulton, 3 B. M., 249; Clerk v. Redman, 5 J. J. M., 31; Johnson v. Thompson, 4 Bibb, 294; Owings v. Beall, 3 Littell, 108-9; Banks v. Sharp, 6 J. J. Mar., 183; Humes v. Langston, 6 J. J. Mar., 186; Belew v. Belew, 4 Ky. L. R., 826; Bradley v. Skillman, 3d Ky. L. R., 736.)

2. A mortgage on land is but a security, an incident of the debt or

obligation it is intended to secure and when the debt or obligation is barred the security has no longer any vitality. (Prewett v. Wortham, 79 Ky., 287; McCracken v. Mercantile, 84 Ky., 344; Yeates v. Weeden, 6 Bush, 438; Tate v. Hawkins, 81 Ky., 577; Vandiver v. Hodge, 4 Bush, 538; Kendall v. Clark, 90 Ky., 179; Jones v. Scott, 5 Ky. L. R., 858.)

**3.** The validity, obligation and interpretation of a contract made in one State and to be performed in another is to be determined in all of its parts by the law and only by the law of the place of performance. (Short v. Trabue, 4 Met., 301; Hyatt v. The Bank, 8 Bush, 199; Stevens v. Gregg, 89 Ky., 461; Goodin v. Shipley, 7 B. M., 577; Tyler v. Trabue, 8 B. M., 307; Kelly v. Smith, 1 Met., 317; Thomas v. Heckman, 1 B. M., 32; Young v. Harris, 14 B. M., 558-559; Scofield v. Day, 20th Johnson, 102; Fanning v. Consoqua, 17 Johnson, 518-519-520; Curtis v. Leavitt, 15th N. Y., 91, 230, 296; Boyce v. Edwards, 4 Peters, 122, 123; Cox v. U. S., 6 Peters, 203; Andrews v. Pond, 13 Peters, 77-78; Bell v. Bruen, 1 Howard, 182; Bank v. Daniel, 12 Peters, 54-55; Prichard v. Norton, 106 U. S., 136; Wayman v. Southard, 10 Wheaton, 148; DeSobry v. De Laistre, 2 H. & J., 191.)

Limitation of the *lex foci* is a part of the remedy. (Sec. 2, art. 2, chapter 71, General Statutes.)

**4.** A junior lien-holder can plead limitation against a senior lien-holder and thereby acquire priority. (Lent v. Shear, 26 Cal., 361; Lord v. Morris, 18 Cal., 482; McCarthy v. White, 21 Cal., 495; Bannon v. Thayer, 24 Illinois Ap., 429; Wayne v. Morgan, 11 Ky. L. R., 254; Dumphy v. Riddle, 86 Ill., 26; Miller v. McIntyre, 6 Peters, 54; Angell on Limitations, sec. 330, 3d Ed.; Cowl v. Nagel, 86 Ill., 437; Brown v. Goolsby, 34 Miss., 447; McGraw v. Bayard, 96 Ill., 153; Barber v. Barber, 36 Cal., 20; Wood v. Goodfellow, 43 Cal., 185; Walt v. Wright, 66 Cal., 202.)

**5.** When judgment is rendered for an amount in favor of a party in excess of what appears on the face of the pleadings to be due, such judgment on appeal by a party prejudiced thereby will be reversed. (Huffaker v. National, 12 Bush, 287; Preston v. Roberts, 12 Bush, 585.)

6. In an action by a mortgagee to enforce his lien and to recover for taxes paid out by him to protect the mortgage there can be no recovery for taxes unless he alleges and proves if denied, the performance of every precedent condition in the assessment and levy; Shanks v. Stevens, 6 Ky., L. R., 525; Leach v. Kendall, 13 Bush, 426.)

**7.** A mortgagee who by purchase becomes the owner of the mortgaged

property merges his lien in his ownership; no one can have a lien on his own property to secure the performance of an obligation to such an one by another. (Goring v. Shrieve, 7 Dana, 66.)

8. A contract void by the law of the place of performance is void everywhere. (Vol. 3, page 553, A. & E. Ency. of Law.)

9. The law of the place of performance regulates the rate of interest on past-due obligations. (1 Wash., C. C., 521; 1 Hemp., C. C., 296; Carlisle v. Chambers, 4 Bush, 272.)

10. Interest is computed on the amount loaned and is restricted to the rate prescribed by the statute and it is not necessary to plead usury. (Sec. 4, art. 2, chap. 60, General Statutes, Revision 1873; Lucking v. Gregg, 12 Bush, 298.)

11. A contract is one thing, what is done under or in aid of its execution is another thing, and the place where the contract is made is where the parties are at the time the agreement becomes final, which in this case was in New York. (Fegler v. Shipman, 33 Iowa, 198; Atlantic v. Ely. 82 Georgia, 440; Schuenfelt v. Jimkerman, 20 Fed., 359; Bach v. Maybin, 52 Ala., 253; King v. Fries, 33 Mich., 278; Hyde v. Doodnow, 3 N. Y., 270; Western v. Genesee, 12 N. Y., 258; Beckman v. Jenks, 55 Barb., 471; Mullikin v. Pratt, 125 Mass., 276; Perry v. Mount Hope, 15 R. I., 381; McIntyre v. Parks, 3 Met. (Mass.), 209; Garretson v. North Atchison, 47 Fed. R., 867; Engs v. Priest, 65 Iowa, 232; Taylor v. Pickett, 52 Iowa, 267; Waldron v. Ritchings, 3 Daly, 288; Holmes v. Manning, 19 U. S., 25; Staples v. Nolt, 128 N. Y., 403.)

W. O. HARRIS AND R. W. WOOLLEY OF COUNSEL ON SAME SIDE.

(No briefs in the record.)

BULLITT & SHEILD FOR APPELLEE.

1. As to whether the junior mortgagee can plead the statute of limitations as against the senior mortgage. (Tate v. Hawkins, 81 Ky., 577; Jones on Mortgages, Vol. 2, sec. 1431 and sec. 1425; McKernan v. Neff, 43 Ind; Spurgin v. Adamson, 62 Iowa, 661; Pool, Giliam & Co. v. Anderson, 62 Iowa, 611; Cooper v. Martin, 1 Dana, 23; Rooney v. Bell, 9 Dana, 3; U. S. Bank v. Carroll, 4 Ben Monroe, 47; Dale v. Sherley, 8 Ben. Monroe, 524; Rogers v. Heron, 92 Ill., 583; Rowan v. Mercer, 10 Hump. Tenn., 359; Proctor v. Baker, 15 Ind., 179; Howe v. Woodruff, 12 Ind., 214; Armstrong v. Foley, 12 Ky. Law Rep., 802; McMurtry v. Masonic Temple Co., 9 Ky. Law Rep., 341; Sanger v. Nightingale, 122 U. S., 176.)

2. The contract in the case at bar is a Kentucky contract, governed by the law of Kentucky in all its obligations and rights growing out of it. (Thompson's Adm'rs. v. Edwards' Trustee, 85 Ind., 418.)

3. As to the question of interest the law of the place with reference to which the contract was made by the parties, whether it be the place of performance or the place of the contract shall prevail, the intention of the parties being paramount. (Fitch v. Reme, 1 Flippin, 18; Cromwell v. County of Sac., 96 U. S., 62; Miller v. Tiffany, 1 Wallace, 298; Chapman v. Robinson, 6 Page, 627; Peck v. Mayo, 13 Vermont, 33; Butler v. Olds, 11 Iowa, 1; Tilden v. Blair, 21 Wallace, 247; Wiswall v. Campbell, 93 U. S., 347; Andrews v. Pond, 13 Peters, 65; Balme v. Wombrough, 28 Barbour, 362; St. Louis Ins. Co. v. Kennedy, 7 Dana, 450; Lowry, Administrator v. Western Bank of Ga., 7 Ala., 120; Kilgore v. Dempsey, 25 Ohio, 413; Bank v. Lowe, 81 N. Y., 571; Thornton v. Dean, 19 S. Car., 583; Richard v. Globe Bank, 12 Wis., 692; Vliet v. Camp, 13 Wis., 198; Wharton's "Conflict of Laws," 508, 509 and 510; Kellogg v. Miller, 13 Fed. Rep.; Thompson's Adm'rs. v. Edwards' Trustee, 85 Ind., 418.)

4. As to the right to collect conventional rate of interest of 10 per cent. under a contract made therefor in writing between the parties during the period that such rate of interest was allowed in Kentucky and to collect interest on interest under such a contract when the interest coupons were not paid at maturity. (Shank v. Stephens, 4 Ky. Law Rep., 838; Crosthwait v. Misener, 13 Bush, 543; Bunger v. Hart, 3 Ky. Law Rep., 518; Johnson v. Utley, 79 Ky., 72.)

5. As to the right to charge the actual expense of managing and attending to property by a mortgagee in possession. (Clark v. Robins, 6 Bush, 350; Jones on Mortgages, sec. 1123.)

6. As to paying agents's commissions, collecting rents, keeping the property in repair, etc. (Jones on Mortgages, sec. 1129.)

7. When a mortgagee has foreclosed his senior mortgage and purchased at the foreclosure sale the equity of redemption, and is in possession as the owner of the equity of redemption and not as a mortgagee in possession under his mortgage without foreclosure, such mortgagee is not liable to a junior mortgagee for rents and profits. (Jones on Mortgages, sec. 1118; Higginbotham v. Benson, 24 Neb., 461; Catlin v. Armstrong, 79 Ind., 514; Gaskell v. Vequesney, 122 Ind., 244; Renard v. Brown, 4 Neb., 451; Rogers v. Heron, 92 Ill., 578; Jones on Mortgages, secs. 1114 to 1120 (inclusive); Daniel v. Coker, 70 Ala., 260.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

In 1874 Joshua J. Hair, the owner of certain property in Louisville, gave the Equitable Trust Co. of New London, Conn., a mortgage on it to secure the sum of $5,000, evidenced by five bonds for $1,000 each, payable five years after date.

In 1875 Hair gave appellants, Joseph Gault & Sons, a mortgage on the same property to secure a debt which he owed them.

Hair failed to pay the sums due the Equitable Trust Co. and certain taxes on the property. In 1879 it brought suit in the Federal Court to enforce its mortgage lien on the property. To this suit it failed to make Joseph Gault & Sons parties. A judgment was rendered in that court enforcing its mortgage lien.

By the provisions of the mortgage the trust company had a lien for taxes and insurance premiums paid on the property, and such as were thus paid, together with the debt, interest and costs, amounted to something like $6,500 when the property was sold. The Equitable Trust Co. became the purchaser of the property under the judgment at $5,000. The sale was confirmed, deed was made to it, and it was regularly placed in the possession of the property. The appellant, Joseph Gault, was present at the sale. Appellee took possession of the property in 1880, and held it until this suit was brought. It has endeavored to sell it, but has never been offered more than $6,000 for it.

Nearly ten years after the appellee took possession of the property this action was brought by the appellants

setting up their junior mortgage, and, among other things, they plead that the bonds executed by Hair were bills of exchange, and their recovery barred by statute of limitations.    They do not plead that the statute barred them at the time the suit was filed by the appellee against Hair to recover judgment thereon and enforce the mortgage lien.    Counsel for appellants insist that, although appellee obtained judgment on its debt, and had the mortgagor's equity of redemption sold to pay it, still the appellants can plead the statute of limitations against the mortgage debt which was merged in the judgment debt, and all of the mortgagor's interest in the property sold to pay it.    Some cases are cited which counsel claims supports his contention.    We have examined the cases, and are of the opinion that none of them sustain this view.    If any court had delivered such an opinion we would not follow it because, in our opinion, to do so would be to follow a rule which had for its foundation neither reason nor justice.

In Sanger v. Nightingale, 122 U. S., 185, the statute of limitations was pleaded on a state of facts substantially the same as in this case, and the court said: "It is difficult to see from what standpoint he, in this suit, in which he is complainant, seeking to foreclose his own mortgage, can set up the statute of limitations, not as a defense, for he is not sued, and nobody is troubling him about his claim, but as a positive weapon to set aside and annul in this collateral proceeding the decree of a court of competent jurisdic-

tion, with proper parties before it, which foreclosed a
mortgage prior in time and equal in equity to his, un-
der which the property was sold and passed into other
hands.   Certainly the court which rendered that de-
cree had jurisdiction of the property and of Nightin-
gale, the defendant, who was in possession, and who
had the legal title.   It is equally as certain that
whether Nightingale ought to have pleaded the stat-
ute or not he did not do so, and it is now too late to set
it up as a defense to that suit."   In this case there is
no pretense that the statute had barred the right to
recover before appellant filed its suit in the Federal
Court.

In Jones on Mortgages, volume 2, section 1431, it is
said:   "The only right of a junior mortgagee, who has
not been made a party to the foreclosure of a prior
mortgage, is to redeem the property from that mort-
gage."

The case of the Bank of U. S. v. Carrolls, 4 B. M., 4,
involved the question as to the rights of a holder of a
junior deed of trust when the holder of a prior deed
of trust, in an action to which the beneficiary of the
junior deed had not been made a party, had obtained
a decree therefor, and had sold thereunder the gran-
tor's equity of redemption.   The court said that "the
deed of trust for the benefit of the Carrolls being valid,
and prior in time to that of the complainants, their
specific prayer can not be granted.   But they, accord-
ing to well established precedents, could be entitled to
relief only upon the terms of paying the money to the

Carrolls secured by their prior deed, and redeeming their prior lien."

At the time the money was borrowed the laws of Kentucky allowed ten per cent. interest, while under the laws of New York seven per cent. interest was allowed, and if a greater interest was charged the contract as to principal and interest was rendered void: besides the party contracting for a rate above seven per cent. was guilty of a misdemeanor.

The contract was for ten per cent. per annum, payable semi-annually, the bonds to bear seven per cent:, and the loan to be discounted so as to net to the lender ten per cent. These were the terms of the contract as to interest until the debt matured; then it was to draw ten per cent. per annum.

The bonds were dated at Louisville, Kentucky; they were delivered there, and the amount which was received by Hair was paid to him there by draft.

There is nothing in the transaction which would make it a New York contract, except the bonds were made payable in New York.

The entire transaction shows that the parties were contracting with reference to the interest laws of Kentucky.   In view of that fact we are of the opinion that the rate of interest contracted for being allowed by the laws of this State, the debt should be computed at ten per cent. interest.

It was said, in Cromwell v. County of Sac., 96 U. S., 62, "the position of counsel that, because the rate of interest in New York,where the bonds were payable,

is only seven per cent., the bonds can only draw that rate after maturity, is not tenable. When the rate of interest at the place of contract differs from the rate at the place of payment, the parties may contract for either rate, and the contract will govern. (Miller v. Tiffany, 1 Wall., 298; Depau v. Humphreys, 8 Mart (La), 1; Chapman v. Robinson, 6 Paige (N. Y.), 627, 634; Peck v. Mayo, 14 Vt., 33; Butters v. Olds, &c., 11 Iowa, 1.)

The bonds were made with reference to the law of Iowa as to interest, and not to that of New York, where interest above seven per cent. is deemed usurious, and avoids the whole contract."

In Balme v. Wonbrough, 38 Barbour, 362, the court said: "The usual rule of law is that contracts are to be construed and adjudged by the law of the place where they are made, except when they are to be performed in another State or country, and in such cases their validity is to be decided by the law of the place of performance. It appears, however, that cases involving the rate of interest, where it is stipulated in the contract at the place where the loan is made, in conformity with the law of the place, at a higher rate than is permitted by the law of the place where the payment is to be made, are not within the exception, but the specified rate of interest at the place of the contract has been allowed."

Many cases could be cited in support of this doctrine. The appellee entered upon the premises in question, not as a mortgagee, but as the owner of the

property. It had become the owner by having all the interest which the mortgagor had in it sold, and that interest conveyed to it.

The mortgagor had no interest remaining, and under no circumstances could he have compelled the appellee to have accounted to him for rents of the property. The person holding mortgage did not have any interest in the rents, and consequently no right to recover them against the purchaser of the equity of redemption.

There is a well-defined and marked distinction between a mortgagee in possession and the purchaser of the mortgagor's equity of redemption.

Until the mortgagor has lost his equity of redemption, or his right to redeem from a sale, he is entitled to the rents and profits of the mortgaged property. When the fee has vested in another by purchase or decree of court, then his rights to rents and profits cease.

Jones on Mortgages, section 1118, says: "The purchaser, standing in the place of the mortgagor or owner of the premises, is not liable to account for rents and profits."

In Gaskell v. Veguesney, 122 Ind., 244, it was said: "The junior mortgagee has no right, therefore, to compel an accounting when the mortgagor has no such right, for it is through the mortgagor and the equity existing between him and the senior mortgagee that he is enabled to compel an application of the rents and profits to the satisfaction of the senor mortgage. For these reasons, it is well settled that in order to

charge a mortgagee with rents and profits it must be shown that he has occupied the mortgaged premises under his mortgage. If the title of the mortgagor has been divested, and the mortgagee has been in possession under a title from the mortgagor, he is not chargeable with rents and profits of the mortgaged premises."

Authority for this conclusion is abundant. If there was an error, the matter of taxes and repairs in fixing the amount due appellee, more than $2,000, was remitted of record and credited on that amount.

In view of the fact that appellants have never offered to or alleged a willingness or ability to redeem the property from appellee, and in view of the fact that the property is worth but little more than one-half the amount due appellee, it is not at all clear that a reversal should be granted for a slight error in fixing the amount due appellee, one that could not affect the rights of appellants, because it is perfectly clear from the evidence in this record that appellants never will nor could they afford to redeem the property for two-thirds, much less the whole of the debt due appellee. The value of the property would not justify them in doing so. Fifteen years ago it sold for $5,000, at which sale Joseph Gault was present, and, notwithstanding appellee has improved it somewhat since then, it is of but little more than that value now.

The judgment is affirmed.