65   229
84   526

ADLER–GOLDMAN COMMISSION COMPANY *v.* HERREN.

Opinion delivered April 16, 1898.

MORTGAGEE IN POSSESSION—LIABILITY FOR RENTS AND PROFITS.—Where a prior mortgagee of land instituted foreclosure proceedings, without making a junior mortgagee a party, and purchased the land, and went into possession, he is not regarded as in possession under his mortgage, and will not be accountable for rents and profits to the junior mortgagee, on a bill by the latter to redeem from such purchase. (Page 231.)

Appeal from Randolph Circuit Court in Chancery.

JOHN B. McCALEB, Judge.

## STATEMENT BY THE COURT.

Herren sold land to Jones for $1,000, one-half down, remainder to be paid one year thereafter, but at the time executing to Jones a general warranty deed to the land reciting payment in full of the consideration. Jones mortgaged the land to appellant, subject to Herren's lien for the balance of the unpaid purchase money. Herren foreclosed his vendor's lien on the land, without making the appellant a party to the proceedings. The land sold under this decree was purchased at the sale by Herren for the sum of $450. Herren took immediate possession of the land under said sale. Afterwards appellant foreclosed its mortgage on the land, without making Herren a party to its suit, had land sold under its decree, and became the purchaser of same at sale. Herren then brought suit in the circuit court to quiet his title to the land, as against appellant, obtained decree as prayed, from which decree appellant prosecuted an appeal to this court, where said decree was reversed, and remanded with directions that it proceed as a suit by the commission company against Herren to redeem.

When the case went back, the commission company filed a supplemental answer and cross-complaint, setting up that Herren had received from the rents of the land the amount of his debt and $400 besides, and praying for an accounting.

A demurrer was sustained to this answer and cross-complaint, and a decree was rendered in favor of Herren for the full amount of his original debt and interest. From this the commission company has appealed.

*Rose, Hemingway & Rose,* for appellant.

A vendor who holds a lien on property stands substantially in the attitude of a mortgagee. 14 Ark. 628; 29 *id.* 363; 30 *id.* 155; 33 *id.* 345; 52 Ark. 381; 55 Ark. 326. Upon a redemption, a junior mortgagee has the same right that the mortgagor possessed, to require the senior mortgagee to account for rents and profits. 2 Jones, Mortg. §1118; 10 Atl. 880; S. C. 42 N. J. Eq. 297; 32 Atl. 812; 15 La. 524; 11 So. 640; 29 Ill. App. 445; 24 Conn. 1. Nor could appellee gain anything by taking a deed from the mortgagor. 10 So. 76; S. C. 68 Miss. 787.

*S. A. D. Eaton,* for appellee.

A vendor's lien is a remedy, and not a right of property; hence it is not analagous to a mortgage. 28 Ark. 269; 41 Ark. 525. By foreclosure, the lien-holder became the owner in fee of the land, subject only to the right of redemption by junior incumbrancers who were not parties to the foreclosure proceedings. 60 Ark. 510; 57 Ark. 69; 54 Ark. 273; 54 Ark. 81; 149 Ill. 60. But the foreclosure operates to place the lien-holder in the place of the mortgagor, and entitles him to the rents and profits of the lands. 79 Ill. 514; 122 Ind. 244; 38 S. W. 1065. There having been no interest left in the mortgagor after the foreclosure, the junior incumbrancer could gain nothing by a proceeding against such mortgagor, without joining the lien-holders. 149 Ill. 60.

HUGHES, J., (after stating the facts.) Was Herren, the senior mortgagee and purchaser of the equity of redemption from Jones, the mortgagor, accountable for the rents while in possession?

It is well settled that a mortgagee in possession is accountable for rents. But was Herren in possession as a mortgagee? He had bought at the sale under his foreclosure of his mortgage, and had also bought Jones' equity of redemption. If he held under his foreclosure sale only, it may be that he would be accountable for rents, but when he holds as a purchaser, and not as mortgagee, he stands, as to his possession, as the mortgagor would, if in possession. *Ten Eyck* v. *Casad,* 15 Ia. 524. It seems clear that the mortgagor, if in possession, would not be accountable for rents. "If one who is a prior mortgagee afterwards acquires the equity of redemption, subject to a second mortgage, and then takes possession, he is not regarded as a mortgagee in possession, and as such accountable for the rents and profits to the junior mortgagee." *Rogers* v. *Herren,* 92 Ill. 583; *Gray* v. *Nelson,* 41 N. W. Rep. 567 (77 Ia. 63.)

"A junior mortgagee redeeming from a senior mortgagee who has been in possession may compel an accounting. His right does not rest on any obligation of the senior mortgagee to him, for there is no contract between them, but upon the fact

that the senior mortgagee is under obligation to account to the ·mortgagor, and the junior mortgagee in equity stands in the place of the mortgagor." The junior mortgagee has no right, therefore, to · compel an accounting when the mortgagor has no such right; for it is through the mortgagor, and the equity existing between him and the senior mortgagee, that he is entitled to compel an application of the rents and profits to the satisfaction of the senior mortgage. For these reasons, it is well settled that, in order to charge the mortgagee .with rents and profits, it must be shown that he has occupied the mortgaged premises under his mortgage. If the title of the mortgagor has been divested, and the mortgagee has been in possession under a title derived from the mortgagor, he is not chargeable with the rents and profits of the mortgaged premises." 2 Jones, Mortgages, § 1118a. *Gaskell* v.· *Viquesney*, 122 Ind. 244; 23 N. E. 791, and cases cited.

The judgment of the circuit court is affirmed.

BUNN, C. J., concurs in the judgment of the state of facts, but not in the reasoning leading to the conclusion.