LONGINO v. BALL-WARREN COMMISSION COMPANY.

Opinion delivered December 9, 1907.

1.  CREDITOR'S BILL—LIEN BY FILING OF SUIT.—A creditor who brings a suit to cancel a fraudulent conveyance of his debtor acquires an inchoate lien on the property which is perfected on the rendition of the decree in his favor setting aside the fraudulent conveyance and ordering the property sold for satisfaction of the debt. (Page 525.)

2.  MORTGAGE FORECLOSURE—JUNIOR LIENOR NECESSARY PARTY.—A junior lienor who was not made party to a suit to foreclose the prior lien is not bound by the decree, and may redeem from the prior lien, but can not demand another foreclosure and a resale of the property. (Page 525.)

3.  SAME—REDEMPTION—LIABILITY FOR RENTS.—Where a senior mortgagee purchases the mortgaged premises at a foreclosure sale and takes possession thereunder, a junior lienor not a party to the foreclosure proceeding, who seeks to redeem from the mortgage, is not entitled to hold such mortgagee liable for rents, although he had purchased the mortgagor's equity of redemption before the foreclosure sale was had. (Page 526.)

4.  SAME.—REDEMPTION—TENDER.—While a junior lienor will not be permitted to redeem from a foreclosure sale under the prior mortgage without tendering the amount due, the only effect of his failure to make the tender until after the suit has been brought is to render him liable for the costs accrued before the tender was made. (Page 527.)

Appeal from Columbia Chancery Court; *Emon O. Mahoney,* Chancellor; reversed.

STATEMENT BY THE COURT.

On October 23, 1893, A. J. Dennis, a debtor of appellee, Ball-Warren Commission Company, was the owner of the real estate in controversy situated in the town of Magnolia, Arkansas, and on that day conveyed it to J. M. Dennis, who on November 19, 1894, by mortgage deed conveyed it to appellant, H. A. Longino, to secure the payment of a debt of one thousand dollars. In February, 1895, appellee obtained a judgment in the circuit court of Columbia County against

A. J. Dennis for the sum of $2,071 and cost of suit, and on July 3, 1899, commenced suit in equity against A. J. Dennis and J. M. Dennis to cancel said conveyance from the former to the latter, on the ground that the same was executed for the purpose of defrauding creditors of said grantor, and to subject the said real estate thereby conveyed to the satisfaction of appellee's judgment. The chancery court rendered a final decree in that cause on October 28, 1899, cancelling said conveyance on account of fraud, and the real estate was ordered sold to pay the judgment. It was sold by a commissioner pursuant to the decree, and purchased by appellee, the sale was duly confirmed by the court, and the commissioner executed a deed to appellee pursuant to the sale. Appellant was not a party to that suit, and it is now admitted that he accepted the mortgage from J. M. Dennis without notice of the fraud, and that his mortgage was valid.

Appellant instituted suit in the chancery court against the widow and heirs at law of J. M. Dennis to foreclose his mortgage, and on August 30, 1900, a decree of foreclosure was rendered, and the real estate was subsequently sold under the decree by a commissioner of the court and purchased by appellant. The date of the commencement of the last-named suit is not disclosed, either in the pleadings or proof in the present case, but the recitals in the complaint and answer in the present suit to the effect that appellee's suit to cancel the deed was instituted in the lifetime of J. M. Dennis, and that appellant's foreclosure suit was not instituted until after the death of J. M. Dennis, establish the fact that appellant's foreclosure was not commenced until after the institution of the other suit.

Appellee was not a party to said foreclosure suit, and instituted the present suit in equity on October 1, 1901, against appellant to have an accounting of the rents and profits of the real estate received by appellant and to redeem from the mortgage. It is alleged in the complaint that appellant (defendant) had collected rents of said premises to an amount in excess of his mortgage debt and interest, and a decree against him is asked for the excess; or that, in the event it should be found that the amount collected was not sufficient to discharge the mortgage, the plaintiff (appellee) is ready to pay the balance found to be due.

It is also alleged in the complaint that appellant, at the time he accepted the mortgage, well knew of the fraudulent character of the conveyance of A. J. Dennis to J. M. Dennis, and that the mortgage was on that account invalid as against appellee's rights. Alternative relief is prayed, either for cancellation of the mortgage or for an accounting and redemption as above set forth.

Appellant filed his answer, admitting the truth of all the allegations of the complaint, except those concerning the amount of rents collected, and of his knowledge of fraud in the conveyance from A. J. Dennis to his mortgagor. He disputed the right of appellee to redeem or to have an accounting of rents on the ground that appellee had actual knowledge of the pendency of his foreclosure suit and took no steps to redeem until after the sale, and then made no tender of the amount necessary to redeem.

At the trial of the cause below appellee admitted that appellant had no knowledge of the fraud, and that his mortgage was valid. The court rendered a decree in favor of appellee establishing its right to redeem the property from appellant's mortgage upon payment of the balance due thereon, which the court found, after deducting rents collected, to be $419.52. The defendant appealed.

*Stevens & Stevens,* for appellant.

1. The demurrer should have been sustained. The complaint declares upon two counts, one equitable and the other legal. 1 Pomeroy, § § 376, 137; Kirby's Digest, § 5984; 30 Ark. 579; 74 Ark. 484; Kirby's Digest, § 6518; 119 U. S. 347. Story's Eq. Pl. § 281a. The complaint is also demurrable because of repugnancy and inconsistency in alleging the mortgage to appellant to be void for fraud and in declaring the right to redeem therefrom. 20 Ark. 494; 77 Ala. 563; 55 Ala. 607; 14 N. J. Eq. 114; 91 Va. 31; 18 S. W. 394; Bliss on Code Pl. § 122; *Id.* § 164; Story's Eq. Pl. § 654; *Id.* § 42, and note. The complaint shows no privity between the mortgagor and the plaintiff. 2 Jones on Mort. § 1055a; 79 Am. St. Rep. 928; 67 Ark. 328. It is further demurrable in seeking to charge appellant for rents, setting up that he bought at a sale ordered by the court, and in the prayer for redemption showing that he was a

bona fide mortgagee. He can not be made to account for rents. 2 Jones on Mort. § 118a; 17 Am. St. Rep. 364; 65 Ark. 229.

2. The common-law judgment and the decree offered in evidence are evidence of nothing, as against appellant, except that they were rendered; they are no evidence of passage of title. That could come only through a commissioner's deed. 35 Ark. 450; Kirby's Digest, § § 760, 6319, 6321, 6323.

3. Tender of the amount due under the mortgage must be made before bringing a suit to redeem. 81 U. S. 491; 57 Ark. 533; 65 Ark. 399. Appellee should have offered to pay before filing suit, or in his bill to redeem. 2 Tiffany, Real Prop. § 541; 3 Pomeroy, Eq. Jur. § 1219; 2 Jones, Mort. § 1095. Where one in his complaint offers to pay the amount due to the defendant if the latter is found not to be a fraudulent mortgage, such offer is conditional, and does not amount to a tender. 65 Ark. 392; 1 Jones, Mort. § 900.

4. A purchaser *pendente lite* is bound by the judgment or decree rendered in the suit. 30 Ark. 250; 36 Ark. 217; 29 Ark. 357; 45 Ark. 177.

5. Appellee ought not to be permitted to maintain inconsistent positions. Having persistently denied the validity of the mortgage and appellant's rights thereunder, asserting a paramount title to the lot, appellee can not claim the right to redeem. 64 Ark. 215; 32 Ark. 346.

*Gaughan & Sifford,* for appellee.

1. Appellee was not a party to appellant's suit to foreclose his mortgage. It owned the property, subject only to his mortgage, at the time the decree of foreclosure was rendered. Its rights were not affected by the decree nor by the sale under it. 64 Ark. 576.

2. The demurrer is without merit. Where equity takes jurisdiction of a controversy between litigants, it will determine the whole case. 77 Ark. 570.

3. The statement of the case clearly shows appellee's right to redeem. 65 Ark. 230.

4. Appellant is properly charged with rents. At the time of appellant's foreclosure, the equity of redemption was in appellee. His position was not changed from mortgagee to purchaser as against the appellee.

McCULLOCH, J., (after stating the facts.)    At the time of the commencement of the foreclosure suit by appellant, the suit instituted by appellee, as a judgment creditor of A. J. Dennis, to set aside the conveyance to J. M. Dennis, appellant's mortgagor, was pending. Appellee, by the commencement of his suit to set aside the conveyance, acquired an inchoate lien on the property, which was perfected on the rendition of the decree in his favor setting aside the fraudulent conveyance and ordering the property sold for the satisfaction of his debt. *Jones* v. *Ark. Mech. & Alg'l Co.*, 38 Ark. 17; *Stix* v. *Chaytor*, 55 Ark. 117; *Doster* v. *Manistee Nat. Bank*, 67 Ark. 325; *Wallace* v. *Treakle*, 27 Grat. 487; Freeman on Judgments, § 350.

Appellee was therefore a necessary party to the foreclosure suit; and, not being a party thereto, it was not bound by the decree, and its right to redeem from the mortgage was not barred. 9 Enc. Pl. & Pr. p. 324; *Dickinson* v. *Duckworth*, 74 Ark. 138; *Turman* v. *Bell*, 54 Ark. 273; *Memphis & L. R. Rd. Co.* v. *State*, 37 Ark. 632. Its right was confined, however, strictly to that of redeeming from the mortgage. It could not demand another foreclosure and resale of the mortgaged premises. *Dickinson* v. *Duckworth, supra.*

In sustaining appellee's right to redeem from the mortgage, the chancellor was clearly correct, but the next question which arises is, whether or not appellant is chargeable with rents and profits of the property collected by him after his purchase at the foreclosure sale and before redemption by appellee.

It is well settled that a purchaser at a mortgage foreclosure sale which is defective, and therefore does not divest the title of the mortgagor, is in effect a mortgagee in possession, and is accountable as such for rents and profits of the mortgaged premises. "He is treated," reason some of the authorities, "as a bailiff of the mortgagor, and necessarily sustains the same relation to one who holds an interest in the equity by a title derived from the mortgagor." *Clark* v. *Paquette*, 67 Vt. 681. But, if the foreclosure is valid as against the mortgagor, and the purchaser at the sale takes possession of the premises, he is not deemed to be in possession under the mortgage, and can not be held accountable for rents and profits before an offer to redeem is made by a junior incumbrancer, who was not a party to the

foreclosure proceeding. *Adler-Goldman Commission Co.* v. *Herren,* 65 Ark. 229; 2 Jones on Mort. § 1118a; *Rogers* v. *Herron,* 92 Ill. 583; *Daniel* v. *Coker,* 70 Ala. 260; *Van Duyne* v. *Shann,* 41 N. J. Eq. 312; *Gaskell* v. *Viquesney,* 122 Ind. 244; *Gault* v. *Equitable Trust Co.,* 100 Ky. 578.

The possession of the purchaser, under those circumstances, is that of a purchaser, and not as mortgagee. The sole right, as we have already shown, of the subsequent purchaser or junior lienor, who has been omitted from the foreclosure proceeding, is, not to have the foreclosure sale set aside, but is to have an opportunity to redeem from the mortgage. *Dickinson* v. *Duckwirth, supra; Allen* v. *Swoope,* 64 Ark. 576.

It is conceded by counsel for appellee that this would be true if appellee was only a junior lienor, and had not acquired the mortgagor's equity of redemption by purchase of the property at the sale ordered by the chancery court to satisfy its judgment against A. J. Dennis. They contend that appellee's purchase of the mortgagor's equity of redemption before the foreclosure sale under appellant's mortgage substituted it in the place of the mortgagor, and that the foreclosure without making appellee a party to the proceeding was no foreclosure at all.

We think the case of *Adler-Goldman Commission Co.* v. *Herren, supra,* is decisive against that contention. At the time of the commencement of appellant's foreclosure suit appellee was only a lienor, though it became, before the foreclosure sale was made, the absolute owner of the equity of redemption. Appellant nevertheless purchased the title of his mortgagor, and entered into possession as purchaser, and not as mortgagee. Appellee had the right to redeem at any time from the mortgage, because it had, as lienor, been omitted from the foreclosure proceeding, but until it offered to redeem it had no right to disturb appellant's possession or call him to account for the rents and profits while in possession under his purchase. In *Adler-Goldman Commission Co.* v. *Herren, supra,* the junior mortgagors foreclosed their mortgage before the attempt to redeem from the prior lien of Herren, yet the court denied their right to require the latter to account for rents.

This is not an attempt, within the statutory period of redemption, to redeem from the foreclosure sale. The statute

giving the right of redemption from mortgage foreclosure sales under decrees of court (act May 8, 1899), having been passed subsequent to the execution of appellant's mortgage, is by its express terms excluded from operation as to mortgages executed prior thereto. If that statute was applicable to the mortgage in question, appellee could, within the prescribed period of redemption, have tendered the amount required to redeem, and then appellant would have been chargeable with rents and profits received while in possession. *Danenhauer* v. *Dawson,* 65 Ark. 129.

The only question remaining for our consideration is · regarding the contention of appellant that a suit to redeem can not be instituted until after a tender of the amount due. This is true, but the tender can be made at any time, and the time of making the tender would only affect the question of cost of suit. Of course, until there has been an offer to redeem by paying the amount due, the suit can not be successfully maintained; but a court of equity should not dismiss a suit on account of the failure to make a tender, so as to require the institution of a new suit, when the plaintiff is willing and makes an offer during the pendency of the suit to pay the amount necessary to redeem. That is one of the distinctions between the right of redemption from a mortgage and the statutory right of redemption from a foreclosure sale. *Wood* v. *Holland,* 57 Ark. 198. Appellee is not entitled to recover any cost of suit incurred prior to an offer to pay the amount of the mortgage debt and interest.

The decree is reversed with directions to enter a decree establishing appellee's right to redeem from appellant's mortgage, but only on the terms indicated in this opinion.