[S. F. No. 4729.   Department One.—November 13, 1908.]

ANGLO–CALIFORNIAN BANK, LIMITED (a Corporation), Respondent, v. T. J. FIELD, Administrator of the Estate of George Brandt, Deceased, et. al., Defendants. BANK OF MONTEREY, Appellant. THOMAS W. COWAN, Cross-Defendant and Respondent.

MORTGAGE—ACQUISITION OF FEE BY MORTGAGEE—MERGER.—Under ordinary circumstances, where the holder of a mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extinguished. This is the ordinary legal effect of the transaction, and ordinarily the intention is presumed to accord with the act accomplished.

ID.—MERGER DOES NOT TAKE PLACE AS AGAINST JUNIOR MORTGAGE.—The foregoing rule is never applied where there is an intervening lien on the property, which it is to the interest of the purchaser to keep on foot, and where there is no evidence, direct or circumstantial, of an express intention to extinguish the first mortgage and hold subject only to the second. In such a case the legal title and first mortgage lien will be considered as separate interests whenever necessary for the protection of the just rights of the purchaser.

ID.—SENIOR MORTGAGEE PURCHASING FEE—NOT LIABLE TO JUNIOR LIENHOLDERS FOR RENTS AND PROFITS.—A mortgagee in possession under a deed of the equity of redemption from the mortgagor is not liable as mortgagee in possession to account to junior lienholders for rents and profits received after the time he took possession under the deed.

ID.—MORTGAGEE SUCCEEDS TO RIGHTS OF GRANTOR.—By virtue of his deed, such mortgagee succeeds to all of the rights of his grantor in the land, including the right to remain in possession thereof and enjoy the use and profits until legally dispossessed, occupying the same position in this regard that the grantor would have occupied had he not conveyed, or that any purchaser not holding a senior mortgage would have occupied. He is in possession solely as the owner of the property subject to the existing mortgages, and there is no liability to account to any one for the value of the use and occupation thereof.

PRACTICE—AMENDMENT AFTER CLOSE OF CASE.—It is within the discretion of the trial court to permit an amendment to an answer to be made, and testimony to be given thereon, after the case has been closed and the arguments of counsel had commenced, if it deemed the amendment to be in the interest of justice, and the adverse party is afforded an opportunity to meet the amendment and the new testimony with such evidence as it desired to present.

CLIV Cal.—33

APPEAL from an order of the Superior Court of Monterey County refusing a new trial. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Zabala & Wyatt, for Appellant.

Dougherty & Lacey, and J. W. Lilienthal, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant the Bank of Monterey from an order denying its motion for a new trial.

The action was instituted by plaintiff in February, 1898, to foreclose a mortgage, in the form of an absolute deed, executed on March 10, 1894, by George and Elsie Brandt, the owners of the property therein described, and duly recorded March 22, 1897. Defendant Bank of Monterey is the holder of a junior mortgage, also in the form of a deed, covering the same property, executed by the Brandts on April 16, 1897, which it here seeks to foreclose. While this action was pending, on January 24, 1899, the cross-defendant, Thomas W. Cowan, purchased from plaintiff its promissory notes and mortgage for eight thousand dollars. On February 28, 1899, he purchased the mortgaged property from the Brandts, receiving a deed of that date, conveying the property to him for an expressed consideration of five dollars, subject to the mortgages held by plaintiff and the Bank of Monterey. This deed was not recorded until January 2, 1902. Immediately upon receiving this deed the grantee Cowan entered into possession of the property, and has ever since been in such possession. George Brandt died on November 20, 1899, and T. J. Field is the administrator of his estate. The action was first tried in the superior court on March 11, 1902, and the lower court held that the lien of the mortgage to plaintiff assigned to Cowan was extinguished and merged in the fee by the conveyance of the mortgaged property by the Brandts to Cowan, the assignee of plaintiff, and that the lien of the mortgage of the Bank of Monterey was therefore superior thereto. Judgment was given accordingly. Upon appeal to this court, it was held that there was no merger, the court saying: "It is true that, under ordinary circumstances, where the holder of a

mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extinguished. This is the ordinary legal effect of the transaction, and ordinarily the intention is presumed to accord with the act accomplished. But this rule is never applied where there is an intervening lien on the property, which it is to the interest of the purchaser to keep on foot, and where there is no evidence, direct or circumstantial, of an express intention to extinguish the first mortgage and hold subject only to the second. In such a case the legal title and first-mortgage lien will be considered as separate interests whenever necessary for the protection of the just rights of the purchaser." (See *Anglo-Californian Bank* v. *Field,* 146 Cal. 644, 653, [80 Pac. 1080, 1083].) The judgment was therefore reversed, and the cause remanded for a new trial.

On the retrial in the lower court, the principal claim of defendant Bank of Monterey was that it was entitled to have the value of the use and occupation of the premises during the time that Cowan occupied the same, from February 28, 1899, accounted for and applied to the payment of the senior mortgage held by him. The answer and cross-complaint of said bank do not allege that Cowan entered into possession as mortgagee, or otherwise than under his deed from the Brandts conveying the property to him. It was alleged that the consideration for such deed was nominal, that Cowan refrained from recording the deed until January 2, 1902, for the purpose of deceiving said defendant as to the nature of his occupation, and that the rents and profits of the land during all the time Cowan has been in possession were one hundred dollars per month. The trial court found that there was a substantial consideration for the execution of the Brandt deed, and under the allegations of such answer and cross-complaint as to the value of the property there can be no claim that any substantial consideration was inadequate or unfair, in view of the amount of encumbrances on the property. The court further found that the delay in recording the deed was not for the purpose of deceiving the Bank of Monterey and also that the value of the use and occupation of such property was seventy-five dollars per month. It further expressly found that Cowan entered into and has held possession of said property solely by virtue of the conveyance from the Brandts, and has

never occupied the same as a mortgagee. This finding is not attacked. Further finding against the claim of merger, it concluded that the Bank of Monterey was not entitled to have the value of the rents and profits or the value of the use and occupation of the land set off against the Cowan mortgage, and that Cowan was entitled to be paid from the proceeds of the foreclosure sale, before anything was paid to the Bank of Monterey therefrom, the full amount of principal and interest due under the terms of the notes originally held by plaintiff and transferred to Cowan, without deduction or credit on account of rents and profits or value of the use and occupation. Judgment was given accordingly, decreeing the amounts due the respective parties, and directing a sale of the mortgaged property, and the application of the proceeds after payment of costs of sale, etc., 1. To the payment of the amount due Cowan on such notes and mortgage, and 2. Any surplus then remaining to the payment of the amount due the Bank of Monterey.

The ruling of the trial court to the effect that the rents and profits of the land or the value of the use and occupation thereof could not be charged against Cowan's mortgage was undoubtedly correct. It being established that Cowan never entered into possession under his mortgage, but has been in possession solely under the deed of the mortgagors conveying to him the land subject to the mortgages, no foundation exists for any liability on his part on account of rents and profits or the value of the use and occupation of the land. It is well settled that a mortgagee in possession under a deed of the equity of redemption from the mortgagor is not liable as mortgagee in possession to account to junior lienholders for rents and profits received after the time he took possession under the deed. (See Jones on Mortgages, secs. 1118 and 1118a; *Gaskell* v. *Viquesney*, 122 Ind. 244, [17 Am. St. Rep. 364, 23 N. E. 791]; *Gault* v. *Equitable Trust Co.*, 100 Ky. 578, [38 S. W. 1065]; *Rogers* v. *Herron*, 92 Ill. 583, 588; *Gray* v. *Nelson*, 77 Iowa, 63, [41 N. W. 566].) This is necessarily true. By virtue of his deed such mortgagee succeeds to all of the rights of his grantor in the land, including the right to remain in possession thereof and enjoy the use and profits until legally dispossessed, occupying the same position in this regard that the grantor would have occupied had he not con-

veyed, or that any purchaser not holding a senior mortgage
would have occupied. He is in possession solely as the owner
of the property subject to the existing mortgages, and there
is no liability to account to any one for the value of the use
and occupation thereof. As owner he is entitled to such pos-
session and the fruits thereof. (See *Bank of Woodland* v.
*Heron,* 120 Cal. 614, [52 Pac. 1006].) The reason underlying
the rule requiring a mortgagee in possession to account for the
rents and profits is that the mortgage does not entitle him to
possession, and the profits of the possession are consequently
received by him as a trustee for the mortgagor and not for
himself. Where, therefore, he has no other right to pos-
session, he must account for the value of such profits. Where,
however, he has succeeded to the rights of the mortgagor in
the land, and, as such successor, has become entitled to such
profits as owner, the whole foundation for the application of
the rule is taken away. The right of a junior mortgagee to
compel such an accounting does not rest upon any obligation
of the senior mortgagee to him, for there is no contract be-
tween them, but it rests solely on the fact that the senior
mortgagee is under obligation to the mortgagor to account,
and, by reason of his junior lien, he has the right in equity
to stand in the place of the mortgagor and enforce an account-
ing to the same extent only that the mortgagor could have
enforced it. (*Gaskell* v. *Viquesney,* 122 Ind. 244, [17 Am. St.
Rep. 364, 23 N. E. 791]; *Gault* v. *Equitable Trust Co.,* 100
Ky. 578, [38 S. W. 1065].) Where no such obligation to ac-
count exists in favor of the mortgagor, it cannot exist in favor
of a junior encumbrancer.

We do not think that there was any abuse of discretion in
allowing Cowan to amend his answer after argument com-
menced by inserting a denial of the allegation that the deed
of the Brandts to him was given for a purely nominal consid-
eration, and an averment that there was a substantial con-
sideration therefor, and in allowing testimony to be given
thereon. The only objection made thereto was that the case
had been closed. The mere fact that the testimony had been
closed did not preclude the court from taking this action if it
deemed it to be in the interest of justice, and if the defendant
bank was fully protected in its right to meet the amendment
and the testimony offered in support thereof with such evi-

dence as it desired to present. Such matters are largely within the discretion of the trial court. Defendant bank would undoubtedly have been granted time, if necessary, to contest the matter thus set up by amendment, but expressed no wish in that behalf.

No ground of objection appears to have been specified in the objection to the evidence given by Cowan to the effect that since he entered into possession of the property he has made improvements thereon of the value of two thousand dollars. The objection urged in appellant's brief is simply that it was immaterial. It does not appear to us that the evidence could have prejudiced it in the slightest degree, even if we assume it to have been immaterial.

This disposes of all the points made for reversal.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.