Shaw et al. v. Hill.

SHAW ET AL. V. HILL.

46 333
66 436

1. TAX SALES: *Act of* 1879 *unconstitutional.*
   The act of 1879, "to provide for the redemption of delinquent lands," is unconstitutional, and deeds made under it are void.

2. IMPROVEMENTS: *Compensation for.*
   It is only the *bona fide* occupant of another's land who is entitled to mitigate the owner's claim for damages and *mesne* profits, by offsetting the value of his improvements, or to compensation therefor, under the laws of this state.

APPEAL from *Union* Circuit Court in Equity.
Hon. B. F. ASKEW, Circuit Judge.

*H. G. Bunn*, for appellants.

The clerk's deed to appellee being void (*Bagley v. Castile, 42 Ark.*, 77), no rights accrued, and no protection is given at law to acts under it. *Cochran v. Cobb, land commissioner, 43 Ark.*, 180. Hence appellee was not entitled to any tender for value of any improvements, percentage, etc., pro-

vided in *section 2649, Mansfield's Digest,* as held in *Douglas v. Flynn, 43 Ark., 399; 40 Ark., 443.*

And appellee's holding over being a trespass and a transgression of the rules of right between man and man, and in fact an usurpation obtained by duplicity and fraud, and the improvements having been made under such circumstances, without the *knowledge* and consent of appellants, even in the face of their demands and suit for possession of said land, he is not entitled to compensation therefor, either at law or in equity. *James et al. v. Johnson et al., 28 Ark., 211.*

Under the cirumstances, improvements are not allowable of right, and the finding and allowance of the circuit court for improvements beyond the extent of rents and profits at least was erroneous, otherwise the theory that one cannot improve another out of his title to land is subverted by practical demonstration. *Waggener et al. a. McLaughlin et al., 33 Ark., p. 202; Pulaski County v. The State, 42 Ark., 118.*

Appellee could not recover for any improvements made within two years from date of his said clerk's deed if it were valid; a *fortiorari* in this case. *Gantt's Digest, 5216.*

BATTLE, J.   Some time about the latter part of 1879 plaintiff George C. Shaw and others rented to the defendant, George W. Hill, the land in controversy for the year 1880, in consideration of his promise to pay the taxes assessed against the same for the years 1878 and 1879, and a reasonable sum of money in addition thereto; and plaintiff also agreed to deduct from the rent, and give to defendant credit for the value of such improvements as he should make upon the land during the year 1880. On or about the 1st day of January, 1880, he took possession under his contract to rent, and did some repairing on a house and fence on the land, which he testifies was worth

as much as the rent of the land for 1880. The land was returned delinquent at the time this contract was made on account of the non-payment of the taxes of 1878. Instead of paying the taxes as he agreed, he suffered the land to remain delinquent for one year, and then, on the 2d day of June, 1880, attempted to redeem the same and take a deed of conveyance thereof by the clerk, in his own name, under and by virtue of an act entitled "An act to provide for the redemption of delinquent lands," approved March 14, 1879. He claimed the land, under the deed, as his own, and held adverse possession thereof, and at the same time knew plaintiffs claimed it. He paid taxes on it for the years 1880, 1882 and 1883, amounting in the aggregate to the sum of $2.86, and with full knowledge of plaintiffs' title, and that they claimed it, made improvements thereon before and after the commencement of this action.

The court below found that the land was the property of plaintiffs; that they were entitled to the possession thereof; that defendant paid taxes and made improvements on it, before the commencement of the suit, of the value of $89.74, and after, of the value of $125; that the rents of the land were worth $125; and rendered a decree in favor of plaintiffs for the land, and directed that a writ of possession in favor of plaintiffs be issued after the expiration of ninety days upon plaintiffs paying to defendant the $89.74; and plaintiffs appealed.

The act of March 14, 1879, is unconstitutional. The deed made by the clerk under that act is void. *Bagley v. Castile, 42 Ark., 77.* The defendant is entitled to a credit for the improvements made under his rent contract on the rent of the land for 1880, according to the terms of his contract. The other improvements made by him were made with full knowledge of plaintiff's claim to the land and under a pretended title acquired by a violation of his contract with

1. Act of 1879 unconstitutional

Shaw et al. v. Hill.

plaintiffs. He is, therefore, not a *bona fide* occupant and not entitled to offset plaintiffs' claim for rents with the value
2. IMPROVE-     thereof, or to compensation therefor. As a general rule,
MENTS:
Compensa-     only the *bona fide* occupant is entitled to mitigate the own-
tion for.
er's claim for damages and *mesne* profits, by offsetting the value of his imprcvements, or to compensation therefor, under the laws of this state. It would be manifestly inequitable to the owner, and, indeed, a highly dangerous policy to make allowances to one for the expenditures he has made for improvements, in disregard of the owner's rights, with full knowledge of his claim. *Fee v. Cowdry, 45 Ark., 410.*

The decree of the court below is therefore reversed, and this cause is remanded with instructions to that court to enter a decree herein in favor of appellants against appellee for the lands, and for the rent thereof for the year 1881 and every subsequent year it has been occupied by appellees, less the $2.86 paid for taxes, and for costs incurred in the court below, and to enforce the same by appropriate orders and proceedings. Judgment will be entered here against appellees for the costs of appeal.