TUPY *v.* KOCOUREK.

Opinion delivered April 29, 1899.

1. AFTER-ACQUIRED TITLE—CONFIRMATION OF TAX TITLE.—Where a purchaser of land at tax sale conveyed it to another by warranty deed, a decree of confirmation of such tax title, rendered after such conveyance was made, will inure to the benefit of the grantee therein.   (Page 435.)

2. TAX SALE  VALIDITY.—A purchase of land from the clerk for the taxes due thereon, under the act of March 16, 1879, is void.   Following *Shaw* v. *Hill*, 46 Ark. 333.   (Page 436.)

3. SALE OF LAND—SUFFICIENCY OF TITLE.—Under an executory contract to convey land by warranty deed, the vendee is entitled to receive, not only a title that is good against adverse claimants, but also one that he can hold without reasonable apprehension of its being assailed, and that he can readily transfer in the market, if he desires.   (Page 436.)

4. EXECUTORY SALE—RESCISSION—PRACTICE.—Where, by an executory contract, two tracts of land are sold for a lump sum, and the title to one of them fails, the vendee, if he has not been in possession, is entitled to have the contract rescinded as to both tracts, or to have judgment of recovery against the vendor for so much of the purchase money as has been paid, together with six per cent. interest per annum, also to have same declared a lien upon the tract to which the vendor has good title, and to have his note for the balance of the purchase money cancelled.   (Page 436.)

Appeal from Prairie Circuit Court.

JAMES S. THOMAS, Judge.

*McClintock & Lankford,* for appellant.

The confirmation of the tax title should be set aside on account of fraudulent concealment of facts.    Black, Judg. § 368; 42 Ark. 638.    The subsequent deed of the clerk, when by mistake the land has been sold twice, could be no bar to the first purchaser in the assertion of his claim.    2 Wall. 605; 78 Wis. 701; 128 U. S. 456; 101 U. S. 260; 25 Kas. 340; 13 Wall. 72; 91 U. S. 330; 106 U. S. 447; 30 Kas. 67.    A purchaser will not be compelled to accept any other than a good title. Bisph. Eq. § 378; 28 Am. & Eng. Enc. Law, 70; 22 *id.* 948; 23 Ark. 235; 44 Ark. 196; 59 Md. 492; 63 Ark. 548; 3 Allen, 25; 33 Mich. 396.    As to what is a *good* title, see 121 N. Y. 353; 24 N. E. 868; 28 Pac. 1046; 22 S. W. 1070; 35 N. E. 814; 67 Pa. St. 436; 24 N. Y. Eq. 327; 31 Mo. 54; 132 Ill. 607; 120 N. Y. 253; 63 Ark. 551.    The presumption is that a contract to convey title means to convey a *good* title.    121 N. Y. 353; 115 *ib.* 586; 120 N. Y. 253.

*J. H. Harrod,* for appellee.

Seven years' actual possession gives title to land.    34 Ark. 534; 34 Ark. 547; 38 Ark. 181.    Two years' possession, even where the description of land is insufficient, will bar recovery. 59 Ark. 460; Sand. & H. Dig. § 4819; 60 Ark. 163; 60 Ark. 499.

WOOD, J.    This suit is upon a promissory note for $1,380 made by Tupy to Kocourek as part of the purchase price for the S. W. ¼ of section 13, and the S. W. ¼ of section 5, township 1 north, range 5 west, in Prairie county, Arkansas.    It is alleged that Kocourek owned the S. W. ¼ of section 13, and his wife Anna the S. W. ¼ of section 5.    Upon the payment of the note, Kocourek and his wife were to execute warranty deeds to the lands mentioned.    When the note was due January 1, 1895, Kocourek and his wife made warranty deeds, tendered them to Tupy, and demanded payment of the note, which was refused, and this suit followed.    The answer set up no title in

Kocourek to the S. W. ¼ of section 13, nor in Mrs. Kocourek to the E. ½ of S. W. ¼ of section 5.

The chancellor found that Mrs. Kocourek had title by the statute of limitations of seven years. This finding was correct. He also found that John Kocourek had title by a certain decree of confirmation. Was this finding correct? In 1866 S. P. Hughes bought the land (S.W. ¼ of sec. 13) at tax sale. In 1869 Hughes conveyed the land by warranty deed, upon consideration of $200, to one Roy. In 1880, the clerk of Prairie county executed a deed to S. P. Hughes conveying the land for the taxes of 1878 and 1879. In 1895, Kocourek petitioned the clerk of Monroe county for a deed to the land, either to himself or Hughes. The petition set up the purchase by Hughes at tax sale of 1866, and alleged that certificate of purchase had been issued, and same had been lost, mislaid, or destroyed. The affidavit of Hughes was not filed to that effect. The petition also set up a conveyance of the land from Hughes and wife to Henry in 1884, and from Henry and wife to Konigsmark in 1890, and from Konigsmark to Kocourek in 1892. The clerk in January, 1895, executed the deed to Hughes conveying the land. In September, 1895, a decree was rendered confirming the tax title of S. P. Hughes, and confirming and quieting the title of Kocourek, after reciting the facts, as shown *supra* in the petition to the clerk for a deed. It nowhere appears that Roy ever conveyed the lands back to S. P. Hughes or to Kocourek. It is manifest, therefore, that the confirmation of the tax title of S. P. Hughes acquired in 1866 could not inure to the benefit of either Hughes or Kocourek; for Roy had acquired all the interest that Hughes had under the tax title, by virtue of the warranty deed from Hughes in 1869. The deed made by the clerk to Hughes in 1895, based upon the assumption that Hughes had never conveyed the land, could not affect Roy's title. The petition of Kocourek to the clerk for a deed did not disclose the fact that Hughes had previously conveyed the land to Roy. The clerk could not decide who had the right to a tax deed when the facts were not disclosed, and his execution of same, under the circumstances, could confer no rights upon Hughes or Kocourek, who claimed under Hughes, antagonistic to Roy. Roy's title, so far as this record discloses, is good against any one claiming

under the confirmation of the tax title of S. P. Hughes, acquired in 1866. The court, therefore, erred in finding that Kocourek had title to the southwest ¼ of section thirteen.

The deed of the clerk to Hughes for the taxes of 1878 and '79 was void. *Shaw* v. *Hall*, 46 Ark. 333.

But it is contended that, in the absence of insolvency or fraud on the part of Kocourek, Tupy cannot refuse to pay, inasmuch as the contract only called for a warranty deed, which has been tendered him. Tupy had never been in possession of the land. Where there is no stipulation to the contrary, the law will presume, in a contract for the sale of lands upon a valuable consideration, that the vendor intended to convey a good title, and the vendee will not be compelled to pay his money and accept it, unless it is good. *Irving* v. *Campbell*, 121 N. Y. 353; Bisph. Eq. § 378; 28 Am. & Eng. Enc. Law, p. 70; 22 *id.* p. 948.

One who contracts and pays his money for a title to land ought to get, not only a title that he can hold against all adverse comers, but one that he can hold without reasonable apprehension of its being assailed, and one that he can readily transfer, if he desires, in the market. *Irving* v. *Campbell*, 121 N. Y. 353; *Sheehy* v. *Miles*, 28 Pac. 1046; *Street* v. *French*, 35 N. E. 814; 22 Am. & Eng. Enc. Law, p. 948, note; *Griffith* v. *Maxfield*, 63 Ark. 548, and authorities cited. In common parlance, a warranty deed means a perfect title; and, in legal contemplation, when parties contract for a warranty deed, they must be understood to mean a title paramount to all others. Devlin, Deeds, § 937.

The contract for the sale of this land cannot be severed. The title to half of the land is not such as the contract contemplated. Therefore the appellant is entitled, in his cross-complaint, to have the contract rescinded, and to have judgment against the appellee for the amount of $1,100, with interest from the date of its payment at 6 per cent. per annum, and to have same declared a lien on the S.W. ¼ section 5, and to have this land sold to satisfy same, and to have his note of $1,380 in the hands of appellee surrendered and canceled. The decree is therefore reversed, and the cause is remanded, with directions to enter a decree in accordance with this opinion, and for such

other and further proceedings as may be necessary, and not inconsistent herewith.

HUGHES, J., did not sit in this case.