TUDOR *v.* BANK OF LINCOLN.

Opinion delivered January 11, 1932.

*E. D. Chastain*, for appellant.

*W. A. Dickson* and *Price Dickson*, for appellee.

BUTLER, J. Negotiations were begun between P. C. Miller, acting for T. E. Maxwell and wife, and G. C. Tudor, for the purchase by the latter of a tract of land belonging to the Maxwells. On January 2, 1931, the negotiations had proceeded to the point that Tudor deposited $200 of the agreed purchase price in the Bank of Lincoln, and on January 3 an abstract of title to the land, certified to December 30, 1930, was delivered to Tudor for examination by his attorney. On January 5, 1931, the attorney rendered an opinion on the title specifying eighteen particulars in which it was his opinion the title as shown by the abstract was defective and calling particular attention at the foot of his opinion to some of the objections set out.

On January 6 Tudor and his attorney met with Miller, the agent of the Maxwells, and T. L. McCulloch, the cashier of the Bank of Lincoln, when the objections were discussed, and, according to Miller and McCulloch, the objections to the title were waived except the satisfaction of a certain mortgage and the recording of the power of attorney, and on that date a written agreement was entered into between the parties, which is as follows:

"This agreement, made and entered into on this the 6th day of January, 1931, by and among P. C. Miller, as agent for T. E. and Addie Maxwell, G. C. Tudor, and T. L. McCulloch, for himself and for Bank of Lincoln, as its cashier;

"Witnesseth, That the said G. C. Tudor, having placed in said Bank of Lincoln, Lincoln, Arkansas, as and for full consideration of purchase price of the following described real estate situated in Washington County, Arkansas, to-wit:

"Part of the northwest quarter of southeast quarter, section 23, township 15, range 33, more fully described as follows: Beginning at northeast corner there-

of, extending west 40 rods, south 60 rods, east 40 rods, thence north to place of beginning 60 rods, containing 15 acres.

"The said sum so deposited being $1,300, and the said bank and its cashier hereby agrees to retain safely the said money to be returned to the said Tudor upon failure to furnish satisfactory abstract to said land in a reasonable time, specifically, ten days. And I, the said P. C. Miller, as such agent, do hereby agree with the said Tudor that I will so furnish a satisfactory abstract for said premises within a reasonable time, otherwise this sale to the said Tudor of the said land is to be canceled, and his said money refunded to him by said bank and said T. L. McCulloch."

Miller attempted to comply with the requirements regarding the title and returned the abstract to Tudor's attorney for further examination. On the 14th of January the attorney returned the abstract with the additional requirements, and on the 16th Tudor demanded of the bank the return of $1,284 which he had deposited with the bank, that being the amount of the purchase price less the taxes for the current year. Payment was refused by the bank, and suit was brought at law by Tudor to recover same. The Maxwells intervened and asked for a specific performance of the contract, and the case was transferred to the chancery court, where, upon a hearing, the chancellor found the issues in favor of the interveners and decreed the specific performance of the contract.

The words in the contract, "specifically, ten days," as interpreted by the appellant, related to the provision by which the bank was to return the money and not to the time in which the abstract should be examined and objections to the title met. This seems to be what the parties intended, *i. e.,* that, if it should finally be determined that the abstract was not acceptable at the expiration of ten days from that time, the bank should return to Tudor the money he had deposited. The court construed the language of the contract, "a satisfactory abstract for said premises within a reasonable time," to mean a mar-

ketable title or good title. The authorities are not in accord as to the effect to be given to a provision in a contract for the sale and purchase of land that there should be "a satisfactory abstract furnished" or language of similar import, but the weight of authority appears to sustain the view taken by the trial judge, and which we think is supported by the better reason. A sufficiency of the title disclosed ought not to be, and is not left, to the exclusive judgment of the examiner, but means that the title disclosed need only be a merchantable title within the rule announced in *Tupy* v. *Kocureck,* 66 Ark. 433, 51 S. W. 69, and *Griffith* v. *Maxfield,* 63 Ark. 551, 39 S. W. 852, 27 R. C. L. 487, § 204; *Mott* v. *Business Men's Invest. Assn.,* 157 N. Y. 201, 52 N. E. 1; *Hogg* v. *Herman,* 71 Mont. 10, 227 Pac. 476.

The testimony in the case tended to show that the appellees were endeavoring in good faith and with reasonable diligence to meet the objections to the title pointed out by the attorney of the appellant and to conform to his requirements, but that within two days after the last requirements were made the appellant disavowed the contract and demanded the return of his deposit. The chancellor found that the appellees furnished an abstract within a reasonable time under the facts and circumstances, showing a merchantable title. It is obvious that the appellees were the owners of the land contracted to be sold under a title free from any liens or incumbrances, and that they were proceeding in a reasonable way to complete the abstract in conformity with the requirements made, but before they could do so the appellant arbitrarily disavowed the contract. It is also apparent, and the chancellor found, that the abstract was finally perfected so as to show a merchantable title in the vendors. The evidence justified the finding of the chancellor that the appellees had perfected the abstract within a reasonable time, and that it discloses a merchantable title in the vendors, such as they contracted to convey, and the appellant was bound to accept.

The decree is correct, and it is therefore affirmed.