FIRST NATIONAL BANK OF CHICAGO, Respondent, v. BOWE, et al, Appellants.

(273 N. W. 4)

(File No. 7965. Opinion filed April 28, 1937)

*Charles P. Warren,* of Huron, for **Appellants**.
*Max Royhl,* of Huron, for Respondent.

POLLEY, J. The controversy in this case grows out of the same transactions that were involved in the case of Bowe v. Longstaff et al., 56 S. D. 203, 227 N. W. 889, and reference should be had to that case for an understanding of the facts in this case.

The remittitur in that case went down on the 16th day of January, 1930, but for some reason not material here, final judgment was not entered in the trial court until the 29th day of January, 1932. The judgment as entered amounted to $28,662.93. Special execution issued on the judgment so entered, and on the 11th day of March, 1932, the mortgaged property was sold by the defendant Huntley as sheriff of Beadle county. The property was bid in by Bowe, but because of a mistake in the computation of the amount of interest due, the bid for the property exceeded the amount of the judgment by $238.32. The record does not show that this amount was paid to the sheriff by the bidder, nor that the sheriff ever accounted for it in any way; and it was for the recovery of this amount of money that the sheriff was made a party to this action.

No redemption was made from the sale of the mortgaged property and on the 11th day of March, 1933, sheriff's deed was executed and delivered to Bowe. This deed to Bowe extinguished plaintiff's right of possession and its equity of redemption as well.

but on the 8th day of March, 1933, three days prior to the expiration of the period of redemption, plaintiff commenced this action. Plaintiff's prayer for relief reads as follows: "* * * plaintiff demands judgment against the defendants Elbert I. Bowe and Con R. Huntley, Sheriff of Beadle County, South Dakota, in the sum of Two Hundred and Thirty-Eight and 32/100 ($238.32) Dollars, with interest from March 11, 1932 at seven (7%) per cent. per annum; and for judgment in addition thereto against the defendant Elbert I. Bowe for the amount found due the plaintiff from the defendant Elbert I. Bowe on an accounting for the rents and profits of the premises involved in this litigation for the period and term from and after March 10, 1930, and that said defendant Elbert I. Bowe be adjudged and decreed to pay to the plaintiff what, if anything, upon the taking of said accounting appears to be due to the plaintiff, * * * and for such other and further relief as may be just and equitable in the premises, including the costs and disbursements of this action."

The time for which an accounting was asked was the period from and after the 10th day of March, 1933, to the expiration of the period of redemption. The decree of foreclosure in the case of Bowe v. Longstaff et al., supra, contains the following direction: "That the defendants and each and every one of them, and all persons whomsoever claiming under, by or through them, or either or any of them, from and after the 19th day of October, 1917, the date of filing said mortgage for record in the office of the Register of Deeds of said Beadle county, South Dakota, be forever barred and foreclosed of all right, title, interest, claim, equity and equity of redemption in and to said premises so sold, and of any and every part thereof, subject, however, to such redemption thereof from said sale as is provided by law."

Findings of fact and conclusions of law in this case were for the plaintiff. The court found that plaintiff was entitled to recover the said sum of $238.32 from the defendant Huntley, and the sum of $6,476.46 against the defendant Bowe, and judgment was entered against them for these respective amounts. From this judgment, defendants appeal.

Whether the defendant is liable to the plaintiff for the rents and profits of the mortgaged premises while he was in posses-

sion thereof, prior to the issuance of the sheriff's deed, depends upon the nature of his possession. If he was holding possession solely by virtue of his mortgage, then he was strictly speaking a "mortgagee in possession" and would be obliged to allow the mortgagor, when he paid the mortgage or redeemed therefrom, a credit for the amount of such rents or profits. But defendant was not in possession as a "mortgagee in possession." It will be remembered that on the 2d day of May, 1922, the Longstaffs executed and delivered to Riegel (Bowe's predecessor in interest) a warranty deed to the property described in the mortgages, and as a part of the same transaction said parties entered into a written memorandum agreement which is in words and figures as follows, to wit:

"Articles of agreement, made and entered into this 2nd day of May, 1922, by and between John Longstaff, party of the First Part, of Huron, South Dakota, and Andrew Riegel, of Los Angeles, California, party of the second part, witnesseth:

"That party of First Part has this day executed and delivered to the Party of the Second Part a warranty deed to (the mortgaged premises), the said deed being delivered upon the sole condition that the mortgages now on said property remain in full force and effect, and the deed to be null and void unless the other encumbrances now against said property are paid, disposed of, or liquidated in some way. The party of the second part through his agent to have possession, collect and receive all rents from said property until liquidation is made."

It will be noted that the deed mentioned in this agreement is a "warranty deed" and, therefore, purports to convey the fee title to the property free and clear of all encumbrances. This deed conveyed to the grantee not only the fee title to the premises, but also the equity of redemption of the mortgagor. After the execution and delivery of this agreement which showed an intention to preserve the integrity of the grantee's mortgages, the grantee became possessed of all the rights of the mortgagor, principal of which was the right of possession of the property and the rents and profits thereof. Therefore, after the execution of the above deed, defendant was in the possession of said premises as owner, not as "mortgagee in possession," and was entitled to such possession together with all the rents and profits therefrom. For this

deed Riegel paid to Longstaff $2,500 in cash. This was a very substantial consideration for the equity of redemption and the right to collect the rent for the mortgaged premises.

On the 3d day of January, 1922, John Longstaff executed and delivered to the City National Bank of Huron a mortgage for $22,-000 and on the 16th day of October, 1930, this mortgage was assigned and delivered to the plaintiff in this action. On the 6th day of March, 1933, the said Longstaff executed a deed purporting to convey the mortgaged property to the plaintiff in this action. This deed purported to contain an assignment to plaintiff of all rentals and claims of every kind against Riegel and Bowe.

Plaintiff contends that the deed of May 2, 1922, is null and void and conveyed nothing to the defendant. This contention is based on the clause in the above agreement reading as follows: "And the deed to be null and void unless the other incumbrances now against said property are paid, disposed of, or liquidated in some way." This does not have the effect of annulling the deed. The deed constituted a valid conveyance, presumed to have been recorded, and so far as appears from the record in this case is still in full force.

Respondent in its brief says: "This court has never passed on the direct question here raised; but it has declared many times that even by or thru indirection the mortgagee cannot take the rents and profits from the mortgagor until deed issues."

This statement is true to the extent that this question has never been directly passed upon by this court, and it is also true that no decision has ever been made by this court that is applicable to or decisive of the issues in this case. And this court has never held that a mortgagee holding possession under a title adverse to the mortgagor cannot take the rents and profits from the mortgaged property until deed issue.

Where a senior lienholder takes possession under an independent title, he is under no obligation to a junior lienholder and is not liable to him for the rents and profits from the property. Anglo-Californian Bank v. Field et al., 154 Cal. 513, 98 P. 267; Gaskell v. Viquesney et al., 122 Ind. 244, 23 N. E. 791, 17 Am. St. Rep. 364; Williams v. Marmor, 321 Ill. 283, 151 N. E. 880, 46 A. L. R. 132; Stoeckle et al. v. Rosenheim et al., 11 Del. Ch. 30,

31, 95 A. 300; Gray v. Nelson et al., 77 Iowa, 63, 41 N. W. 566; 3 Pom. Eq. Jur. (4th Ed.) § 1218.

We know of no rule, either legal or equitable, that entitles a junior lienholder to recover from a senior lienholder rents and profits that have been collected by him while in possession of the mortgaged property, nor has our attention been called to any adjudicated case where such rule was applied or recognized. We, therefore, hold that the plaintiff was not entitled to the rents and profits sued for in this action.

As to the $238.32 for which judgment was entered against the defendant Huntley, little need be said. The bid of this amount of money above the judgment was the result of a mistake that had been made in the computation of interest. No part of it was ever paid to the sheriff and we can see no reason why the sheriff should be penalized to the extent of this sum of money, and are of the opinion that he is not liable to the plaintiff for such sum of money.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and WARREN, J., concur.
ROBERTS and SMITH, JJ., concur in result.