213 P.2d 895

**BAILEY et ux. v. KUIDA et ux.**

No. 5096.

Supreme Court of Arizona.

Jan. 24, 1950.

Shute & Elsing, of Phoenix, for appellants.

Hill, Robert, Hill & Price, of Phoenix, for appellees.

PATTERSON, Superior Judge.

Joseph A. Bailey and Eva M. Bailey, husband and wife, hereafter called plaintiffs, brought an action against Walter B. Kuida and Christine M. Kuida, husband and wife, hereafter called defendants, to rescind a contract of sale and purchase of real estate.

The sale was negotiated through J. W. Carter, a real estate broker, as agent for defendants. Carter represented to plaintiffs before an agreement was signed that in his opinion the property could be used for construction of an apartment house thereon. His testimony in part is as follows:

"Q. And it is true, is it not, that both at the time that you were showing the lot to them, and offering it for sale, and at all subsequent times, you stressed with considerable particularity the feasibility of that beautiful site for an apartment house, did you not? A. Yes, sir."

Also,

"Q. Now both before and after the purchase of this center street property you told them that there were no restrictions on it at all that would affect the building of an apartment house, did you not? A. I told them it was my opinion that there was no restrictions prohibiting it."

On May 10, 1946, plaintiffs signed an initial sales agreement by the terms of which they agreed to purchase for $8000 Lot 1, Aldrich Place, Maricopa County, Arizona. Defendants agreed to sell the property and the agreement recited in part "that the condition of the record title of said property shall be evidenced by a warranty deed." At a later date, plaintiffs signed escrow instructions covering the sale and purchase of said property designating the Arizona Title Guarantee & Trust Company as escrow agent. These instructions recited in part, "seller will deliver to escrow agent a warranty deed."

On May 29, 1946, plaintiffs signed an agreement of sale. Said agreement recited in part, "the warranty deed of seller conveying the herein described property to buyer has been delivered in escrow." Defendants signed the agreement on June 1, 1946, and executed a form of warranty deed subject to recorded restrictions. This deed was in the escrow files of the escrow agent on the date when plaintiffs signed the agreement, but plaintiffs contend that they did not see the deed and did not have their attention directed to its contents at that time. The plaintiffs and defendants never met or had any direct negotiations between themselves at any time and never saw each other until the date of trial of this case.

Plaintiffs made an initial payment on the purchase price at the time of signing the contract in the sum of $3500. Defendants had no knowledge of any representation made by their agent, J. W. Carter, to plaintiffs concerning the property until about one year later.

At the time the agreement of sale was executed, May 29, 1946, by plaintiffs, and June 1, 1946, by defendants, there was then on record in the office of the County Recorder, Maricopa County, restrictions to the uses to which said Lot 1, Aldrich Place, could be put which prohibited its use for apartment house property, and restricted the use of said property in other respects.

Plaintiffs never saw the warranty deed which contained restrictions against the use of the property for apartment house purposes until approximately a year after plaintiffs had entered into said agreement. Plaintiffs had no actual notice of the restrictions on the property.

Plaintiffs sued defendants in two causes of action for rescission. The first cause of action was based upon the claim that defendants agreed to convey the property free and clear of all encumbrances, restrictions, reservations, conditions and limitations, and further agreed to deliver to the escrow agent a warranty deed conveying a fee simple title to plaintiffs.

The second cause of action was based on fraud, for the misrepresentation that the property could be used to construct an apartment house thereon. The lower court rendered judgment in favor of defendants, and from this judgment the plaintiffs appeal. Plaintiffs set forth four assignments of error:

1. The lower court erred in its conclusions of law, that where defendants ratified a sale of their property, which sale was brought about by the misrepresentation of their agent, and accepted a part of the purchase price, defendants were not charged with their agent's misrepresentation.

2. The lower court erred in its conclusion of law that where the defendants agreed to deliver a warranty deed to plaintiffs, the contract was not breached by tendering a deed subjecting the property to encumbrances and restrictions materially subtracting from a fee simple.

360

3. The lower court erred in its conclusion of law that where defendants contracted to deliver to plaintiffs a fee simple title, the plaintiffs were charged with constructive notice of the public records and of the private records of the escrow agent, and were only entitled to a fee simple minus the encumbrances and restrictions shown by those public and private records.

4. The lower court erred in denying plaintiffs' motion for new trial.

Plaintiffs' assignments of error will be considered in the order above enumerated.

The trial court made the following conclusion of law which is involved in Assignment of Error No. 1: "That the representation alleged to have been made by the agent, J. W. Carter, whether it was a representation or merely an opinion based on his interpretation of the restrictions of record and on file in the office of the County Recorder is not binding upon defendants under all the evidence in the case, because of a lack of knowledge thereof by defendants."

▮▮▮ This court has ruled that when a purchaser of real estate discovers that he had been defrauded, he has two courses open to him. He may either ratify the transaction so far as the owner is concerned and make the payments, notwithstanding the false representations, reserving the right to sue the agent in damages for such fraud and deception, or he may go to the owner and, stating the fraud, offer to rescind. If the owner, after due notice of the fraud and offer of rescission, insists upon holding the purchaser to the transaction, he will then be deemed to have ratified the alleged representations of the agent, and the purchaser may pursue as against such owner any remedy which he would have had, had the false representations been made by the owner in person. If, on the other hand, the owner accepts the rescission and returns the money paid, the parties are in status quo ante contractus and justice as between them is satisfied. Light v. Chandler Improvement Co., 33 Ariz. 101, 261 F. 969, 57 A.L.R. 107.

▮▮▮ Defendants, having accepted the benefits of the transaction based upon the misrepresentation made by their agent Carter that the property was available for the construction of an apartment house thereon, and having refused to rescind when so advised by plaintiffs, are bound by Carter's misrepresentations.

Under Assignment of Error No. 2, plaintiffs contend that defendants agreed by written contract to deliver a warranty deed to plaintiffs, without restrictions. It is to be noted that the contracts entered into between the parties, in three instances, mention the term "warranty deed," as the means of conveyance. In the initial sales agreement defendants agreed that "the condition of the record title of said property shall be evidenced by warranty deed." Again, under escrow instructions, "seller will deliver to escrow agent a warranty deed." Final agreement of sale executed between the

parties recites in part, "warranty deed of seller conveying the herein described property to buyer has been delivered in escrow." These instruments do not make any reference whereby defendants are to convey the property subject to restrictions.

The term "warranty deed" has a definite legal meaning. " 'Warranty deed' purports to convey fee title to property free and clear of all encumbrances." First Nat'l Bank of Chicago v. Bowe, 65 S.D. 255, 273 N.W. 4.

See also Winn v. Taylor, 98 Or. 556, 194 P. 857; Tupy v. Kocourek, 66 Ark. 433, 51 S.W. 69; Neff v. Rubin, 161 Wis. 511, 154 N.W. 976; Zlozower v. Lindenbaum, 100 Cal.App. 766, 281 P. 102.

Section 71-408, A.C.A. 1939, provides: "From the use of the word 'grant' or 'convey' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance: That previous to the time of the execution of such conveyance the grantor has not conveyed the same estate or any right, title or interest therein, to any person other than the grantee; that such estate is at the time of the execution of such conveyance free from encumbrances. * * *"

Defendants in this case by contract agreed to sell and convey the property to plaintiffs, to deliver to the escrow agent a warranty deed, and did not make any reference whatsoever in the contracts to restrictions. Regardless of what restrictions may have been of record in the County Recorder's office in Maricopa County pertaining to this particular piece of property, the contract between the parties must govern the obligations and rights of each of the parties.

Defendants deposited a deed entitled "Warranty Deed" with the escrow agent which contained the restrictions hereinbefore referred to, instead of the warranty deed contracted for by the parties with no encumbrances thereon. This constituted a breach of the contract of sale, and plaintiffs had the right to refuse further payments on the purchase price and to recover the amount paid thereon, for it is apparent from the evidence that defendants could not perform.

Plaintiffs complain under Assignment of Error No. 3 that the lower court erred in its conclusion of law that where defendants contracted to deliver to plaintiffs a fee simple title, plaintiffs were charged with constructive notice of the public records and of the private records of the escrow agent, and by reason of such notice were entitled only to a fee simple minus the encumbrances and restrictions shown by those public and private records. Section 71-426, A.C.A. 1939, provides as follows: "The record of any grant, deed or instrument of writing authorized or required to be recorded, which has been duly acknowl-

edged and recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument; * * *."

Public records are of course notice to any person of the existence and contents of their properly recorded instruments. Butler v. Quinn, 40 Ariz. 446, 14 P.2d 250.

■ ■ The trial court did not err in holding that plaintiffs had constructive notice of the encumbrances of record in connection with this property, with the County Recorder of Maricopa County, but did err as to the legal conclusion reached by reason of such notice. However, it is of no moment whether or not the plaintiffs did have notice. The defendants had notice as well, but in the face of such knowledge defendants saw fit to enter into a contract with plaintiffs agreeing to deliver to them a warranty deed, without any mention whatsoever of encumbrances. " * * * But the purpose of the recording acts is to protect the persons who claim rights under the recorded instruments. Devlin on Deeds, 759. It has never been held that an incumbrance was excepted from an agreement to convey good title, merely because the incumbrance was of record at the time the agreement was made. * * *" Bozdech et. al. v. Montana Ranches Co., 67 Mont. 366, 216 P. 319, 322.

To the same effect see Scott v. Albemarle Horse Show Ass'n, 128 Va. 517, 104 S.E. 842.

Plaintiffs had the right to rely on the written agreements whereby defendants agreed to convey the property by warranty deed, and it is immaterial under the facts in this case whether or not plaintiffs had constructive notice of the restrictions.

Judgment is reversed, with directions to the trial court to enter judgment in favor of plaintiffs in accordance with the prayer of the complaint.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.

Justice M. T. PHELPS being disqualified as he was the trial Judge, the Honorable W. E. PATTERSON, Judge of the Superior Court, Yavapai County, was called to sit in his stead.