225 P.2d 139

**SIMPSON v. STALLINGS et al.**

No. 5255.

Supreme Court of New Mexico.

Dec. 8, 1950.

W. Peter McAtee, James R. Toulouse, Albuquerque, for appellants.

Richard M. Krannawitter, Lewis R. Sutin, Albuquerque, for appellee.

McGHEE, Justice.

The plaintiff (appellee) recovered judgment for $1,000 from the defendants (appellants) Stallings, which he had paid

down on a contract to purchase a small tract of land, a stock of merchandise and some fixtures, and also a lease on a filling station, tourist cabins and cafe. The total purchase price was $6,500. The contract provided that the real estate would be conveyed by warranty deed to be furnished by the seller as soon as possible showing the property clear of all liens and encumbrances except a lien of the Middle Rio Grande Conservancy District. The plaintiff took possession of the filling station, cabins, merchandise and fixtures. Some three days later the parties met in the office of an attorney in Albuquerque and it was agreed that the title to the real estate would have to be quieted before the defendants could convey a marketable title. In fact, Stallings had only a contract to purchase the real estate and could not obtain title thereto without payment of the purchase price.

The defendant Stallings, at the conference above mentioned, without tendering a deed, demanded payment of the remainder of the purchase price or that plaintiff turn the possession of the property back to him. The plaintiff surrendered possession the next day on the completion of the taking of an inventory. An abstract was later furnished by the defendants and the examining attorney rendered an opinion that only a successful quiet title action would put the defendants Stallings in a position to convey a marketable title. The correctness of the

opinion is not questioned. Stallings then demanded immediate payment of the entire purchase price, less $500 expenses for the quiet title action, and the plaintiff countered with an offer to deposit the remainder of the purchase price in escrow pending the completion of the quiet title action and the delivery of a warranty deed. The defendants refused this offer and stood on their demand as above set out.

The defendants agree that it is the general rule of law that under the terms of the written contract they were obligated to tender a merchantable title clear of all liens except that of the Conservancy District, but claim that it was not the intent of the parties that such a title would be conveyed here—in other words, the plaintiff would take the title as it was. The contract is clear and unambiguous on the point and leaves no room for claimed prior oral statements to the effect that practically all of the titles in the neighborhood of the land in question were not merchantable under the standards imposed by the Belen and Albuquerque lawyers who usually examined the abstracts on such properties, and that defendant Stallings would convey only the title he received from his grantor. The general rule on the question is stated in the annotation in 57 A.L.R. 1253, at pp. 1541, 1542: " * * * the general rule is that knowledge by the vendee of the vendor's lack of title at the time he entered into the

contract is immaterial, since he has a right to rely upon the vendor either having a title, or procuring it so as to carry out his agreement. It is no defense for the vendor to show that the vendee knew of the existence of outstanding encumbrances, and that he agreed to take only the title which the vendor then had, where such facts depend upon extrinsic evidence, and are contradictory of the express terms of the contract entered into between the parties."

The contract provision that the defendants Stallings would give the plaintiff a warranty deed showing the property to be clear of all liens and encumbrances meant a marketable title. Hebb v. Severson, 32 Wash.2d 159, 201 P.2d 156; Bailey v. Kuida, 69 Ariz. 357, 213 P.2d 895; and Blaine County Canal Co. v. Mays, 65 Idaho 190, 142 P.2d 589.

A marketable title is a title not subject to such reasonable doubt as would create a just apprehension of its validity in the mind of a reasonably prudent and intelligent person; one that a person of reasonable prudence and intelligence, guided by competent legal advice, would be willing to take and pay for at its fair value.

Campbell v. Doherty, 53 N.M. 280, 206 P.2d 1145, 9 A.L.R.2d 699.

In view of the facts in this case we are not impressed by the claim of the defendants that the plaintiff waived the right to demand a marketable title on account of his having taken possession of the property for a few days.

The plaintiff was not required under the law to pay the balance of the purchase price until the defendants complied with their contract by tendering a warranty deed conveying a merchantable title, except for the Conservancy District lien. White v. Evans, 120 Colo. 200, 208 P.2d 922, and Lamont v. Ball, 93 Cal.App.2d 291, 209 P.2d 9. It is admitted that a judgment quieting title in the defendants Stallings had to be entered before Stallings and his wife could convey a marketable title.

The findings, the evidence and the law support the judgment of the trial court. The judgment will be affirmed, and It Is So Ordered.

LUJAN, SADLER and COMPTON, JJ., concur.

BRICE, C. J., not participating.