666 P.2d 500

The **WILLCOX CLINIC, LTD.,** an Arizona corporation, Appellant,

v.

**EVANS PRODUCTS COMPANY,** a Delaware corporation, Appellee.

The **WILLCOX CLINIC, LTD.,** an Arizona corporation, Appellant,

v.

**Dendy S. BOGGS and Martha H. Boggs,** his wife, Appellees.

No. 2 CA–CIV 4469.

Court of Appeals of Arizona, Division 2.

Feb. 15, 1983.

Rehearing Denied April 7, 1983.

Review Denied June 8, 1983.

Jennings, Strouss & Salmon by Riney B. Salmon II and Diane K. Geimer, Phoenix, for appellant.

Evans, Kitchel & Jenckes, P.C. by Jerry W. Lawson and Barbara M. Torrez, Phoenix, for appellee Evans Product Co.

James B. Greenwood, Bisbee, and Wallace R. Hoggatt, Tucson, for appellees Boggs.

OPINION

HATHAWAY, Judge.

The appellant, Willcox Clinic, Ltd., has brought this appeal to challenge the lower court's denial of its motion for summary judgment against appellees Boggs and the granting of appellees' Boggs motion for summary judgment against the clinic, as well as the granting of summary judgment in favor of appellee Evans Products Company, and denying appellant's motion against Evans Products.

The applicable facts are as follows. On January 26, 1978, the Boggs, sellers, and Willcox Clinic, Ltd., [Clinic] purchaser, entered into an agreement for the purchase of certain real estate in Cochise County for a total purchase price of $28,000. Boggs warranted that title to the property was subject only to 1978 taxes, to liabilities and obligations by reason of the land's inclusion within the northern Cochise Hospital District, and the Bowie Volunteer Fire Company District, and to a mortgage in favor of Evans Products. Clinic agreed to pay the total price by making a $5,000 down payment, assuming the outstanding mortgage to Evans Products in the principal amount of $14,203.66, and paying Boggs the unpaid balance through monthly installments of $154.34 each. Boggs agreed to execute and place into escrow a warranty deed. In connection with the sale, USLife Title Insurance Company of Dallas issued a standard owner's policy of title insurance to Clinic as

the named insured in the amount of $28,-000, evidencing clear and marketable title to the property subject only to the matters set forth in the contract.

On August 2, 1978, FMC Corporation filed a judgment lien foreclosure action against Clinic's property based on a default judgment it had obtained in September 1972, and recorded at that time, against the Boggs' predecessors in interest. Boggs, Clinic, and Evans Products remained as defendants. There is no contention that Boggs or the other parties to this action had actual knowledge of the existence of the lien of FMC. On September 6, 1978, FMC filed a motion for summary judgment against all the defendants and the judgment was entered in April 1979. Clinic lost the property when FMC purchased it at a sheriff's sale for the sum of $25,000, an amount insufficient to satisfy FMC's judgment for $29,657.20. On June 29, 1981, Clinic filed a motion for summary judgment seeking rescission based on failure of consideration and breach of covenants of title by Boggs. Clinic claimed that at that time it had lost its $5,000 down payment, monthly installments to Boggs totaling $2,289.30, regular payment on the mortgage to Evans Porducts in the amount of $2,039.50, and improvements and miscellaneous expenses for a total sum of $10,536.72 toward the $28,000 purchase price. After the court granted FMC's motion for summary judgment for foreclosure, USLife paid Clinic $10,536.72, representing the sums paid by Clinic under its contract to purchase the property from Boggs. Boggs also filed a motion for summary judgment as did Evans Products. On October 28, 1981, the trial court granted Evans Products' cross-motion for summary judgment and denied Clinic's motion for summary judgment. On January 6, 1982, the trial court granted Clinic's motion for summary judgment but at the same time ordered that Boggs have judgment against the Clinic. That inconsistency was apparently clarified in the March 5, 1982, minute entry wherein the court set forth its finding that the Clinic had received full compensation for its losses, and the earlier minute entry order was correct-ed to deny Clinic's motion for summary judgment against Boggs. On March 26, 1982, the lower court entered judgment denying Clinic's motion for summary judgment and granting Boggs' cross-motion for summary judgment by ordering that Clinic take nothing by its cross-claim against Boggs. Finally, on April 12, 1982, the lower court entered judgment on Evans Products' cross-motion for summary judgment against Boggs and the Clinic. This appeal followed.

Appellant has presented three questions for our review:

1. Whether the trial court erred in granting summary judgment against Clinic where the record before the court demonstrated Clinic's right to summary judgment as a matter of law;

2. Whether the trial court erred in granting summary judgment against Clinic where a fact issue regarding damages sustained by Clinic precluded the summary disposition of the issue in favor of Boggs; and

3. Whether the trial court erred in granting summary judgment in favor of Evans Products and against Clinic where the record supported Clinic's position that Boggs' breach of contract relieved Clinic of any legal obligation to Evans Products for the assumption of the mortgage between Evans Products and Boggs.

■ There is no question that failure to deliver marketable title to property under an agreement to provide a warranty deed constitutes a breach of the vendor's contract. *Sabin v. Rauch,* 75 Ariz. 275, 255 P.2d 206 (1953); *Bailey v. Kuida,* 69 Ariz. 357, 213 P.2d 895 (1950); *Brock v. Jernigan,* 19 Ariz.App. 161, 505 P.2d 1052 (1973). When a seller contracts to sell property and for whatever reason is unable to convey good title to the purchaser upon payment of the price, the purchaser has a cause of action for the return of the purchase price paid together with interest. *Cole v. Atkins,* 69 Ariz. 81, 209 P.2d 859 (1949). The trial court's entry of summary judgment which denied Clinic any relief against Boggs for

Boggs' breach of contract was erroneous as a matter of law.

The trial court ruled the way it did because it found that Clinic had been fully paid by its title insurance policy. The court made an express finding of fact in the minute entry of March 5, 1982, that Clinic "has received compensation in full for its losses incurred herein." Boggs argues that appellant would be unjustly enriched at their expense if it were to be successful in its claim against them. However, Clinic is entitled to rescission based on Boggs' failure to provide marketable title as warranted. *Bailey v. Kuida,* supra; *Lane v. Bisceglia,* 15 Ariz.App. 269, 488 P.2d 474 (1971). Here, the facts are similar to those in *Bailey v. Kuida,* supra. The Boggs agreed and warranted that the property would be conveyed by warranty deed subject only to those matters which the parties knew about at the time of negotiations. The contract makes no reference to the FMC judgment lien. The record demonstrates that Clinic was entitled to rescission as a matter of law. Clinic made all required payments, met all of its obligations until it was deprived of its interest in the property purchased from Boggs by a judgment which vested superior title in FMC and deprived Clinic of equitable title it had in the property. Therefore, it was error for the trial court to enter summary judgment in favor of Boggs against Clinic, and that order is vacated and the trial court is ordered to enter summary judgment in favor of Clinic and against Boggs.

As noted, Boggs' contention in their cross-motion for summary judgment is that Clinic had received full payment on its claim against Boggs from USLife. However, the question of whether it received full compensation for damages sustained as a result of the breach of contract is a fact question. Boggs points to one of the interrogatories propounded to Clinic:

"Do you claim any damages or amounts from Defendants/Cross claimants/Cross defendants BOGGS other than or in addition to such amounts received pursuant to the title insurance policy?"

Clinic's answer was: "None, other than attorney's fees sought per contract." As Clinic maintains, there is a question of fact remaining as to whether the amount of compensation received by Clinic under its separate title insurance policy did indeed represent compensation in full. It could not have been compensated in full for its loss since the result of the summary judgment leaves it liable for a judgment in excess of $23,000 to Evans Products. Clinic maintains that by the time the lower court granted Evans Products' motion for summary judgment against Clinic on October 28, 1981, it had sustained further losses in the amount of $13,497.22, together with accrued interest and attorneys fees. Therefore, the record demonstrates that the trial court erred in finding as a fact that full compensation had been received by Clinic. Clinic maintains that Boggs mistakenly places great weight on the above quoted answer to the interrogatory. As the record demonstrates, that answer was filed on August 10, 1981, at which time Evans Products had obtained no judgment against Clinic. It must be noted that in its cross-claim filed on July 30, 1979, Clinic specifically alleged Boggs' responsibility for any judgment obtained by Evans Products against Clinic as a result of the breach of the land purchase contract. Therefore, it was error for the trial court to find as a fact that Clinic had been completely compensated for its loss. Since we find that summary judgment should be entered in favor of Clinic and against Boggs, we will remand this portion of the case to the trial court to determine the amount of restitution.

Finally, we believe it was error to grant summary judgment in favor of Evans Products and against Clinic. A mortgagee in Evans Products' position, not a party to the land purchase contract and who provided no consideration for the assumption agreement, stands in the position of the mortgagor (Boggs) and has no greater right to enforce the assumption agreement than Boggs would have had. See 59 C.J.S., Mortgages, § 418(B). The assumption of Boggs' indebtedness on the Evans Products'

mortgage constituted part of the purchase price which Clinic paid. Boggs' inability to deliver legal title to Clinic as a result of the FMC foreclosure amounted to a failure of consideration which, we have held, entitles Clinic to rescind the purchase contract. Since Boggs has no right to enforce a provision in that contract against Clinic, the mortgagee, Evans Products, standing in the same position as Boggs, is similarly precluded from enforcing the assumption clause contained in that contract and the trial court erred in granting Evans Products summary judgment. See *Robertson v. Robertson,* 61 So.2d 499 (Fla.1952).

The two summary judgments are vacated and the trial court is ordered to enter summary judgments in favor of appellant and against Boggs and Evans Products Company granting rescission and to conduct further proceedings to determine restitution.

Reversed with directions.

HOWARD, C.J., and BIRDSALL, J., concur.